Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* Eve Ruffel, Appellant.

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Robert J. Gillespie,* with him *Bigelow, Gillespie, LaRocca & Cooper,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 25, 1975:

This is an appeal by Eve Ruffel (Claimant) from an order of the Unemployment Compensation Board of Review (Board), which affirmed an order of the referee denying unemployment compensation pursuant to Section 402 (b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b) (1). For reasons hereinafter stated, we likewise affirm.

Claimant was last employed by Franglo, Inc. as a merrow machine operator. She had worked there three months at an hourly rate of $2.07. On April 25, 1974, the Claimant's manager called her into his office and expressed dissatisfaction with her production. Following this reprimand, Claimant's employment terminated.

Claimant contends that she was discharged by the employer, while the Board insists the the record shows substantial evidence to establish that Claimant had voluntarily terminated her employment.

As we have so often reiterated, the findings of the Board as to facts, if supported by the evidence are conclusive. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A. 2d 195 (1974) ; *Philadelphia Coke Division, Eastern Associated Coke Corporation v. Unemployment Compensation Board*

*of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

Denial of benefits in this case was based on Section 402(b)(1), 43 P.S. §802(b)(1) which states in relevant part: "[A]n employe shall be ineligible for compensation for any week . . . (b)(1) in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . . ." If substantial evidence exists showing that Claimant voluntarily terminated because she resented the reprimand of a supervisor, benefits properly should be denied since resentment of reprimand, absent unjust accusations, abusive conduct and profane language, does not constitute a necessitous or compelling reason to terminate. *See Trinovitch Unemployment Compensation Case,* 169 Pa. Superior Ct. 269, 82 A. 2d 277 (1951). There is nothing in the record which shows abusive conduct, etc. in connection with the reprimand.

Was there substantial evidence to support a finding of voluntary termination? Claimant testified that she was fired but that testimony was not considered credible. Claimant's supervisor testified that she was not fired and specifically stated:

"I told her I was dissatisfied with the quality of her work and she told me flatly that she considered that a discharge and *I told her that it was not a discharge.* She said well, I consider it a discharge, and that she would quit at noon

. . . .

"She told me she would not return and I told her only she could make that decision and that was the termination of the conversation."

and when the supervisor was cross-examined he stated:

"Q. Did you tell her to go?

"A. I told her to return to her machine.

"Q. Didn't you say to her she should go?

"A. I did not say you should go. I said that's all

I have to say, Eve, you may return to your machine." In light of this substantial evidence, Claimant's appeal is therefore dismissed, and we

ORDER

AND NOW, this 25th day of April, 1975, the order of the Unemployment Compensation Board of Review affirming the denial of benefits to Eve Ruffel is hereby affirmed.