76

Catherine Rooney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

. Argued September 12, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*David Kraut,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 20, 1977:

Catherine Rooney (Claimant) appeals a determination of the Unemployment Compensation Board of Review (Board) denying her benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Claimant was last employed by Celotex Corporation (Employer) on October 3, 1975. On November 5, 1975, the Bureau of Employment Security (Bureau) awarded her unemployment compensation benefits. Upon Employer's appeal the referee reversed the Bureau and disallowed benefits. Claimant appealed this denial to the Board which affirmed the referee's decision and likewise denied benefits.

Claimant had been employed as a payroll clerk since February 18, 1974. According to her own testimony, she often worked during her breaks and lunch hours in order to complete her payroll responsibilities. Claimant's duties also included occasional service as a switchboard operator and receptionist. In addition, Employer had given her training as an accounts payable clerk.

On October 2, 1975, Claimant was informed by her supervisor that, in addition to her regular duties, she was to begin training to work on freight bills the following day. According to Claimant's testimony, on October 3 she told her supervisor that, due to her other responsibilities, she had no time to do the freight bill

work. Despite her protestation, he insisted upon the additional assignment to which Claimant reluctantly consented. The supervisor then added that she would have to sweep or scrub the floors if he insisted. Claimant testified that he then informed her that she had the option of doing "one of two things, sit down and take it or get out." Claimant's supervisor denied making this last statement. In response to this conversation, Claimant became emotionally upset and left her job without notifying anyone in management of her departure.

Claimant contends on appeal that the Board erred in failing to find that she had terminated her employment for a necessitous and compelling cause. Section 402(b)(1) of the Act provides, in part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: ...

Claimant contends that her work load, before the addition of the work on freight bills, was already overwhelming and that the burden of extra duties made her job "unsuitable." She also contends that her supervisor's conduct toward her, which she characterizes as both hostile and abusive, amounts to the "necessitous and compelling" circumstances referred to in Section 402(b)(1).

One who voluntarily terminates employment has the burden of proving that "his quitting was for cause of necessitous and compelling nature in order to qualify for benefits under the Unemployment Compensation Law." *Baird v. Unemployment Compensation*

*Board of Review,* 30 Pa. Commonwealth Ct. 118, 121, 372 A.2d 1254, 1257 (1977). As our Supreme Court stated in *Taylor v. Unemployment Compensation Board of Review,* Pa. , , 378 A.2d 829, 831 (1977):

It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. . . . The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. Furthermore, a claimant who alleges that he or she terminated employment for necessitous and compelling reasons, has the burden of establishing the existence of such reasons. (Citations omitted.)

A careful review of the record convinces us that the Board acted within its province in finding that the conduct of Claimant's supervisor was not abusive. As we stated in *Unemployment Compensation Board of Review v. Ruffel,* 18 Pa. Commonwealth Ct. 512, 514, 336 A.2d 670, 671 (1975):

If substantial evidence exists showing that Claimant voluntarily terminated because she resented the reprimand of a supervisor, benefits properly should be denied since resentment of reprimand, *absent unjust accusations, abusive conduct and profane language,* does not constitute a necessitous and compelling reason to terminate. (Emphasis added.)

Since there is no allegation by Claimant that either an unjust accusation was made or that profanity was used, the Board's finding, supported by the record, that the supervisor was not abusive, supports its conclusion that neither the supervisor's conduct nor his language gave rise to a necessitous and compelling cause for Claimant to terminate her employment.

With respect to Claimant's contention that the modification in her job assignments amounted to the necessitous and compelling cause of Section 402(b)(1), we note that the Board found this to be a reasonable alteration of her duties. As we stated in *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974):

> Normally, when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these *and the change is reasonable*, the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses. (Emphasis added.)

Since the record likewise supports the Board's finding on the issue of reasonableness, we cannot say the Board erred in concluding that Claimant failed to meet her burden of proving her resignation was with cause of a necessitous and compelling nature.

Accordingly, we

### ORDER

AND Now, this 20th day of December, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.