Mary E. Holomshek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

504

*James J. Conte,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 3, 1979:
In the case before us we are confronted again with the issue of whether the deliberate violation of an employer's rule, which rule is well known to the employee, constitutes willful misconduct. As stated by Justice NIX in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976) this will depend on whether the employer's rule is reasonable and, if so, whether the employee's conduct in violating the rule was motivated by good cause. This Court has recently decided a case clearly raising this issue in *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978). There an employee deliberately violated the employer's order that she was to report to work. If she did not report to work, thus violating the order, because she was ill, she had good cause. Supported by an opinion by Judge ROGERS, the

case was remanded for a finding as to whether she was ill.

In the instant case the claimant was working as a cashier. A number of customers were in line to pay for purchases. A customer who was not in line "pushed" in front of the others, exhibited a purchase costing $2.12, put down the $2.12 and immediately left. In violation of a rule, well known to claimant, she did not ring up the sale and did not offer the customer a receipt.

Claimant testified she left the $2.12 on the register and later put it in the drawer without ringing it up. She attempted to justify not offering a receipt to the customer on the basis that she was busy with another customer.

The purchaser of the $2.12 item was in fact a "checker." She reported the incident to the management. After 13 other transactions had been recorded on the cash register tape, the claimant was asked to report to the management and her cash register examined. There was no $2.12 item on the tape and the register was $4.00 short.[1] Claimant was discharged as a result of this incident.

It has been stated repeatedly by this Court, and accepted by both parties, that the burden is on the employer to show willful misconduct. What has not been made clear heretofore is that in violation of rules cases, this means that the burden is on the employer to prove the rule and the fact of its violation. However, if the employee comes forward under the doctrine of *Frumento, supra,* and attempts to justify the violation, the employee then has the burden of establishing good cause. This follows the rule established by the line of cases dealing with a voluntary

---

[1] If the $2.12 was in the cash register and not on the tape it would seem that the shortage would be $6.12.

quit where the claimant would be ineligible unless he established good cause, *i.e.*, a cause of necessitous and compelling nature. Under such circumstances the burden is on the claimant to establish the good cause. This rule was recently reviewed by Judge CRUMLISH in his opinion in *Rooney v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 76, 380 A.2d 957 (1977). The earlier cases were collected and set forth by Judge BLATT in *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976):

We have very brief findings of fact in the instant case which we quote in full:

1. Claimant was employed by Thrift Drug Company for 8½ years as a clerk at a wage rate of $3.20 per hour. Her last day of work was March 5, 1977.

2. On March 5, 1977, claimant failed to ring up a sale and provide the customer with a receipt.

3. Claimant was aware that such violation of the employer's rule of procedure would be cause for immediate dismissal.

4. Claimant was discharged for a violation of company policy.

REASONING: Section 402(e) of the Law provides that a claimant shall be ineligible for benefits if her discharge is due to wilful misconduct in connection with the work. Wilful misconduct is defined an act of wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, or a disregard of the standards of behavior which the employer has a right to expect of an employe. Claimant's conduct in the present case rises to the level of wilful misconduct as contemplated by Section 402(e) and claimant is therefore ineligible for benefits.

Able counsel for the Unemployment Compensation Board of Review argues that the finding that claimant was guilty of wilful misconduct necessarily includes the finding that the claimant's violation of the rule, *i.e.*, failure to ring up the sale and offer a receipt, was not motivated by good cause. In many circumstances this would be true, but in the unusual circumstances of rule violation, we must require a separate finding on the question of good cause. *Kindrew, supra.*

Accordingly, we will enter the following

ORDER

AND Now, January 3, 1979, the Order of the Unemployment Compensation Board of Review, dated June 7, 1977, in No. B-146049 denying benefits is hereby reversed and the record is remanded to the Board of Review for a finding and decision consistent with the opinion herein.

