Linda I. Fera, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*George R. Price, Jr.,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRAIG, November 14, 1979:

Linda I. Fera, claimant, appeals from the decision of the Unemployment Compensation Board of Review which denied benefits to her under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937)

2897, *as amended*, 43 P.S. §802(e), the willful misconduct disqualification.[1]  We affirm the board.

Claimant was discharged by her employer, the Stroehmann Brothers Company, for leaving the work site without notice to or permission from her immediate or higher supervisor.  She left the site after receiving a number of stern and apparently dramatic reprimands from her supervisor concerning her own work and overall production difficulties.  After returning to her home, she called the plant superintendent to report her absence and the underlying incident.

Claimant here attacks several findings of the board, and also alleges an error of law in the determination of "willful misconduct."

Initially, she challenges a finding as to the existence of a written company rule regarding abandoning the job site as being unsupported by any evidence other than testimony of the employer's witness, contended by claimant to be in violation of the best evidence rule.  We reject that challenge because that testimony was entered without objection by claimant. As noted below, Finding No. 9 was supported independently of the challenged testimony.

Specifically, the determination of willful misconduct is substantiated by the following findings:

---

[1] The scope of review in willful misconduct cases is narrowly restricted to questions of law and determination of whether the board's findings are supported by substantial evidence.  Willful misconduct is a conclusion of law; the employer bears the burden of proof.  *Heefner v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 527, 368 A.2d 1382 (1977).

Substantial evidence means such relevant evidence, viewed in the light most favorable to the party prevailing before the board and affording that party the benefit of all logical and reasonable inferences from the evidence as a reasonable mind might accept as adequate to support a conclusion.  *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

5. The claimant walked off the job prior to the end of her shift without notice to or the permission of her immediate supervisor, the plant superintendent or anyone else in authority.

9. The claimant was aware that walking off the job was a violation of company policy but hoped that she would only get a few demerits or a week's suspension.

10. The claimant's walking off the job was detrimental to the employer's interests in that it placed an undue burden on other workers on the production line.

As to Finding No. 5, claimant argues that she complied with the notice requirement of the employer's policy by phoning the plant superintendent after she returned home. That claimant left before giving notice is agreed; the finding is thus supported. Requiring such notice before departure is reasonable to allow adjustments to the employer's work schedules and employee assignments before an interruption occurs.

Finding No. 9 is adequately supported by evidence as to claimant's awareness of the rule and its consequences; claimant's testimony to the contrary was in conflict with the duly admitted "Summary of Interview," signed by claimant, which indicated a complete awareness of the consequences of departing from her work assignment.[2]

Finding No. 10 is unchallenged by claimant, and establishes a detriment to the employer. It appears

---

[2] Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the board, and are not subject to re-evaluation on judicial review. *Affalter v. Unemployment Compensation Board of review*, 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979) ; *Simet v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 85, 396 A.2d 893 (1979).

from the record that claimant's work assignment was part of an integrated line operation where continuity is important to ongoing production.

Finally, claimant contends that, even if the board's findings of the company rule and its violation are supported by substantial evidence, claimant's actions were justified under the circumstances, and under *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976), her good cause for violating the rule negates willful misconduct. The employee's burden on that point has been stated in *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979), where Judge WILKINSON said:

> [I]f the employee comes forward under the doctrine of Frumento, supra, and attempts to justify the violation, the employee then has the burden of establishing good cause.

39 Pa. Commonwealth Ct. at 505, 395 A.2d at 709 (1979).

In view of the findings of the board and the board's view that "the claimant acted unreasonably" and that there was "no good reason" why claimant failed to contact the plant superintendent before departing, we cannot hold as a matter of law that claimant met the burden of showing good cause, nor that the board erred in concluding that claimant's actions amounted to willful misconduct as it has been articulated in the cases.

Accordingly, we affirm.

ORDER

AND Now, this 14th day of November, 1979, the order of the Unemployment Compensation Board of Review, dated March 13, 1978, denying benefits to the claimant is affirmed.