Francis J. Ounan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges CRUM-
LISH, JR., DiSALLE and CRAIG, sitting as a panel of
three.

*Francis J. Ounan,* for himself, petitioner.

*Charles G. Hasson,* Assistant Attorney General,
with him, *Richard Wagner,* Chief Counsel, *Edward G.
Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 10, 1980:

Claimant Francis J. Ounan alleges that the Unem-
ployment Compensation Board of Review capriciously
disregarded competent evidence in determining that
his voluntary separation from employment was not
compensable because it was without cause of a neces-
sitous and compelling nature, as required by Section
402(b)(1) of the Unemployment Compensation Law.[1]

Claimant was a private investigator with ten
years' service in a Philadelphia law firm. Claimant
testified that he left the firm because of the counter-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §802(b)(1).

manding and conflicting orders that he received from different partners, orders which sometimes were to be performed simultaneously. Claimant stated that these conflicts rendered his situation with the firm "intolerable."

He stated that:

[T]here are five partners but none of them will assume authority, none will be the boss. One will tell you to do one thing, another will tell you to do something else and you are just always finding yourself in the middle . . . It all falls down on the lower echelon employees.

We have reviewed this record, with awareness of the hectic atmosphere which sometimes prevails in the practice of law; however, we cannot find that the board capriciously disregarded competent evidence.

This is not a case where claimant alleges abusive conduct or the use of profane language by his supervisors, which may amount to cause for termination of a necessitous and compelling nature. *Gordon v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979); nor has claimant alleged that his physical or mental realth has been adversely affected by his work situation. *Penkola v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 326, 379 A.2d 890 (1977).

The board's findings in regard to the final incident leading to claimant's quitting are supported by substantial evidence. It seems that there was confusion and disagreement over claimant's requested and initially-granted vacation pay advance. Then, due to the firm's poor cash flow, the previously approved advance was cancelled. Claimant testified that he was chastised by one of the partners for having made the request in the first place. However, resentment of reprimand without more does not constitute a neces-

sitous and compelling reason to terminate. *Rooney v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 76, 79, 380 A.2d 957, 958 (1977); *Unemployment Compensation Board of Review v. Ruffel*, 18 Pa. Commonwealth Ct. 512, 514, 336 A.2d 670, 671 (1975).

Claimant simply has not met his burden of proving that the kind or degree of employment difficulties he experienced amounted to necessitous and compelling cause for termination under the case law.

Therefore, we affirm the order of the board because it did not disregard competent evidence nor commit any error of law.

ORDER

AND Now, this 10th day of January, 1980, the order of the Unemployment Compensation Board of Review (No. B-163517) dated September 1, 1978, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.