Bruce T. Krieger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

John D. Gibson, with him Edward R. Schellhammer and Stephen E. DiNovis, for petitioner.

Elsa D. Newman-Silverstine, Assistant Attorney General, with her Richard Wagner, Chief Counsel and Edward G. Biester, Jr., Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 9, 1980:

Claimant Bruce Krieger, last employed as a truck driver by W. C. McQuaide, Inc., appeals from the Unemployment Compensation Board of Review's order affirming the referee's determination that he voluntarily terminated his employment without necessitous and compelling cause and was therefore ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law.[1]

Claimant testified that, on March 9, 1979, after returning from a scheduled vacation, he notified his employer that he was terminating his employment as of March 16, 1979. Claimant's alleged cause for termination was his claim that he was "belittled" by the employer's supervisor for failing to call in by radio or otherwise at the end of the day, as employer's policy required. The missed communication had resulted in the employer losing a pickup as an item of additional business.

The compensation authorities, terming the supervisor's action as a reprimand, found that it was not excessive in nature and did not constitute cause of a compelling nature for termination. We agree.

Resentment of a reprimand, absent unjust accusations, abusive conduct or profane language, does not constitute necessitous and compelling reason for termination. Rooney v. Unemployment Compensation

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1).

*Board of Review,* 33 Pa. Commonwealth Ct. 76, 380 A.2d 957 (1977); *Unemployment Compensation Board of Review v. Ruffel,* 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975). Claimant testified as to the exact words of the dispatcher's reprimand; none of the elements which are required to raise a reprimand to the level of necessitous and compelling cause justifying a termination were present in claimant's recital.

Claimant asserts here on appeal that the board's findings were based solely on hearsay. However, claimant's own testimony substantiates the fact that, when his radio calls went unanswered, he failed, as required by employer's policy, to call in by telephone.

Further, claimant offered several other conditions of his employment as compelling cause for his termination, by testifying that he was required to log up to eighty hours of work per week, which was injurious to his health and safety, and was required to haul illegal overloads. Jeopardy to an employee's health or safety, dangerously unsafe equipment, or violation of the law all may constitute necessitous and compelling reasons for voluntary termination. *See Stormer v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977).

However, claimant's own testimony also indicated that, at his request, the overload was reduced, and the employer, offering claimant's time sheets into evidence, negated claimant's contention of an eighty-hour work week.[2] Neither did claimant introduce any medi-

---

[2] Although claimant gave notice that he would work until March 16, 1979, the record indicates that claimant never worked after returning from his vacation. Claimant testified that he called in on March 11, March 12 and March 13 reporting off work because his wife had given birth on March 10, 1979. Claimant asserts that this domestic event also constituted necessitous and compelling cause for his termination. However, claimant testified that he gave notice of his termination on March 9, 1979, before the baby was born.

cal evidence to support his claim that his health was affected by his work.

Questions of credibility and the weight to be given the evidence are for the board, and our review of the record in this case indicates that all necessary findings are supported by substantial evidence.

Therefore, we affirm the order of the board.

ORDER

AND Now, this 9th day of June, 1980, the order of the Unemployment Compensation Board of Review (B-172552) dated May 24, 1979, is affirmed.