Bill Bailey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

386

*Stephen F. Gold,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 26, 1983:

Bill Bailey (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him benefits. The Board concluded that the claimant had been discharged from his employment for an act constituting willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The claimant was last employed as a route technician for Terminix International, Inc. On July 9, 1980, the claimant was discharged following the employer's discovery of a modified straight-razor among the claimant's effects in the company truck that was assigned to him.

At the hearing before the referee, the employer testified, without contest from the claimant, that the company had a rule against employees having deadly

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

weapons while working. The employer further testified that it had promulgated that rule to its workers in the employee training program. It was also the employer's testimony that the discovery of the straight-razor was the event that brought about the claimant's discharge on July 9, 1980, even though the claimant was already, as of that time, on the verge of being discharged for other reasons.

The claimant testified that he had missed the company training program and hence was not aware of the employer's rule against deadly weapons. He further testified that he had put the razor in the truck sometime previous to July 1980, and had forgotten about it. The claimant also contended, to the referee, that the actual reason for the discharge was hearsay complaints from customers, and not the discovery of the straight-razor.

Based on the testimony adduced before the referee, the Board concluded that the claimant had violated a company rule against deadly weapons. The Board also concluded that the claimant knew or should have known of the rule; that the rule violation constituted an act of willful misconduct under Section 402(e) of the Law; and that the rule violation was the reason for the claimant's discharge. The claimant's contentions were rejected by the Board as not being credible. Having made the foregoing determinations, the Board entered the order denying benefits. The instant appeal followed.

The claimant's first argument goes to the meaning and effect of the employer's record evidence. According to the claimant, the employer's own testimony shows that the discharge resulted from customer complaints about the claimant's on-the-job behavior. Based on that reading of the testimony, the claimant further argues that the customer complaints amounted to hearsay, which, having been objected to, could not

support a finding of willful misconduct. The fatal defect in this entire argument is the claimant's premise about the employer's testimony. The claimant has not considered the totality of the employer's testimony about the discharge.

True, a witness for the employer did state that the customer complaints alone would have led to the claimant's discharge on July 9, 1980. However, the following additional exchange took place between that same witness and the referee:

> QR: Well what was the main reason for the discharge?
>
> AEW1: It was the razor. The pattern of behavior culminated in finding the razor.
>
> QR: That was the main reason for his discharge?
>
> AEW1: Yes, sir.
>
> QR: So you are saying although the main reason for his discharge was the fact that you found the razor, you still would have discharged him that day?
>
> AEW1: Yes, sir. Without a doubt.

Our reading of the above testimony is the same as the Board's: That, although the claimant was about to be discharged because of the customer complaints, the discovery of the razor was the event actually used to effect the dismissal. Accordingly, the claimant's first argument must be rejected.

In an unemployment compensation case involving a charge of willful misconduct, the employer bears the burden of proving the charge. *E.g.*, *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). An employee's deliberate violation of a known and reasonable company rule can constitute an act of willful misconduct; that is, unless there was justification or good cause for the violation. *Frumento v. Unemploy-*

*ment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). In a rule violation case, the employer must prove the existence of the rule and the fact of its violation. *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). But if the employee seeks to justify his behavior, or to show there was good cause for it, then he must bear the burden of proof in that respect. *Id.*

In the instant case, the company proved that it had promulgated a rule against employees possessing deadly weapons while at work. The company also proved that the claimant, notwithstanding the rule, did have a modified straight-razor in the company truck assigned to him. Indeed, the claimant never disputed that the razor was his and that he had placed it in the truck.

In an effort to justify or excuse his act, the claimant renews his contentions that he, personally, was not aware of the company's rule, and that he had forgotten about the razor being in the truck.[2] However, the Board's decision to reject the credibility of those contentions is binding on this Court. *E.g., Starr v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 265, 309 A.2d 837 (1973). As a final matter, the claimant's brief also seems to argue that the employer's rule against "deadly weapons" was not clear enough to have forewarned him of a proscription against his straight-razor. In that regard, we should point out that, according to the claimant himself, the razor had been taped in such a way that the blade remained opened. We reject the claimant's final argument as being unreasonable.

---

[2] Regarding the second of those two contentions, it is difficult to see how forgetting about a violation would eliminate the fact of the violation.

For the reasons set forth in this opinion, the order of the Board denying benefits is affirmed.

ORDER

AND NOW, the 26th day of January, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-190262 is affirmed.