Charles C. Lowry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Hall's Motor Transit Company, Intervenor.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Paul D. Boas, Berlin, Boas & Isaacson,* for petitioner.

No appearance for respondent.

*Francis M. Milone,* with him *Kenneth D. Kleinman, Morgan, Lewis & Bockius,* for intervenor.

OPINION BY JUDGE BLATT, May 6, 1983:

Charles Lowry (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of compensation because of willful misconduct. Section 402 (e) of the Unemployment Compensation Law.[1]

The claimant, who had been employed for over nine years as a truck driver by Hall's Motor Transit Company (Hall's), was discharged on December 7, 1979 for his failure to accept a "call to work." In an effort to provide fast and reliable service in a highly competitive industry, Hall's requires an "on call" employee to be available to accept a telephone call to work on a 24 hour, seven days per week basis.[2]

Based upon the claimant's own testimony, the referee found that he was aware of the work rule which required being "on call", but that, on 70 occasions during a three-month period, he was not available to accept a call to work.[3] The referee concluded that these

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] In his brief, the appellant states that he, "like the other road drivers of Hall's, does not work a regulated work week. After hauling a load, the driver gets a federally mandated eight hour rest period and then, according to the Company, he is subject to call."

[3] The testimony of the employer's representative indicates that there were not 70 separate absences, rather there were 70 phone calls or "incidents". Each time the claimant is called and does not answer the phone, it counts as another incident, and "a number of those incidents may have been bunched together into a few hour period". Furthermore, each time the dispatcher receives a busy

failures to respond constituted willful misconduct and rendered the claimant ineligible for benefits.

The claimant contends here, as he did before the referee and the Board, that his conduct was not "willful misconduct" inasmuch as he had good cause for his failure to respond.[4] And, while the burden is on the employer to prove the rule and the fact of its violation, the burden of going forward with the evidence shifts to the employee, if he attempts to justify his conduct, to establish that he had good cause for the violation.[5] *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979).

A careful review of the record here indicates that, while the claimant has attempted to establish good

---

signal upon calling the driver, it counts as an "incident" against the driver.

[4] Specifically, the claimant testified that he was listed as not responding five times during a period when he was at the doctor's office, receiving the physical examination which he was required by law to take. He contends that five of the calls came on two nights when he was sleeping, after having worked between 63-68 hours in the preceding eight day period. Additionally, he states that 27 of the calls came on three occasions when he was acting in his capacity as a union committeeman, at a grievance hearing, with the knowledge of the employer. He argues that the union steward had called on those occasions to report him off.

Additionally, the claimant alleges that the rule often subjects the motoring public to the danger of fatigued drivers. He also contends that "everyone needs some free time. Under this rule the driver who obeys the rule has none. Those who go to a movie do so at the peril of discipline. Such a rule . . . is not reasonable."

[5] As the Supreme Court of Pennsylvania recognized, the rationale upon which the concept of good cause was developed was that where the action of the employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct inasmuch as it cannot properly be charged as a willful disregard of the employer's interests or rules or the standard of conduct the employer has a right to expect. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1979).

cause for his conduct, the referee has failed to make any finding on this issue. And, as we stated in *Holomshek*, ''in the unusual circumstances of rule violation, we must require a separate finding on the issue of good cause.''[6] *Id.* at 507, 395 A.2d at 710.

We will therefore remand this case for a finding on this issue.

### ORDER

AND Now, this 6th day of May, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the record is remanded to the Board of Review for a finding and opinion consistent with the opinion herein. Jurisdiction relinquished.

---

[6] Where, as here, the claimant fails to sustain his burden of proof before the Board, our scope of review is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with the conclusions of law and whether or not the findings can be sustained without a capricious disregard of competent evidence. *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981). Of course without a finding on "good cause", we cannot exercise our appellate review of this issue.