Kenneth A. GREENE, Plaintiff,

v.

Otis R. BOWEN, M.D., Defendant.

Civ. A. No. 87–4156.

United States District Court,
E.D. Pennsylvania.

Oct. 28, 1988.

Kenneth A. Greene, Philadelphia, Pa., in pro per.

Steven J. Engelmyer, Charles W. Goeke, Asst. U.S. Attys., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

The question in this case is whether a decision by a state administrative agency is binding on a federal administrative agency.

I conclude that because the issues before the two agencies were not the same, the doctrine of collateral estoppel does not apply.

Plaintiff seeks a ruling that a finding by an appeals referee of the Pennsylvania Office of Employment Security (OES) is binding on a federal administrative judge for the Merit Systems Protection Board (MSPB).[1] Plaintiff, a federal employee, requested leave without pay due to injuries sustained in a car accident. His supervisor approved "leave without pay" (LWOP) status for June 5 and 6, 1986, but informed plaintiff that for further absences, he would be required to submit medical certification by June 16, or his status would change to "absent without pay" (AWOL). When plaintiff failed to submit the required medical documentation by June 19, he was told that he would be charged with AWOL status beginning June 9. Eighteen days after the deadline for submitting the appropriate medical certificates had expired, plaintiff supplied them to his supervisor. Plaintiff was charged with AWOL status from June 9 through July 4 and was suspended from work for 20 days, commencing July 30, for failing to follow proper rules and procedures for leave and for being AWOL. Plaintiff's claim for state unemployment compensation for the weeks of August 5 and August 12 was denied by the OES based on a finding that his unemployment was due to "willful misconduct." 43 Pa.C.S.A. § 802(e). Plaintiff filed a timely appeal with the Unemployment Compensation Board of the OES. He also filed an appeal with the MSPB regarding his suspension and AWOL status, denying that he failed to follow proper procedures and contending that the action against him was based on handicap discrimination and reprisal for having engaged in protected EEO and appeal activities.

Finding that plaintiff's actions did not "rise to the level of willful misconduct", an OES referee reversed the denial of unemployment benefits. The MSPB denied plaintiff's subsequent request to reopen its record to consider the findings of the OES appeals referee, and on October 29, 1986, the administrative judge for the MSPB issued an opinion reversing plaintiff's AWOL status from June 9 through July 4, but sustaining plaintiff's twenty-day suspension for failing to follow leave request rules without a reasonable excuse. The administrative judge found no evidence of handicap discrimination or reprisal. Plaintiff filed a timely appeal with the EEOC, which affirmed the decision of the administrative judge. Plaintiff then exercised his rights pursuant to 5 U.S.C. § 7702(a)(5)(A) and 42 U.S.C. § 2000e–16 by filing a complaint with this court for a trial *de novo* on the issues of discrimination and reprisal with respect to his twenty-day suspension. Plaintiff now contends that the MSPB's refusal to apply the doctrine of collateral estoppel to the OES appeal referee's decision constituted reversible error. He avers that if I were to find as a matter of law that the MSPB was bound by the determination of the OES appeal referee, it necessarily follows that I would have to conclude that the twenty-day suspension was unwarranted.

■ The Full Faith and Credit Clause of the Federal Constitution, as implemented by 28 U.S.C. § 1738, mandates that state court judgments be given the same preclusive effect in subsequent federal actions as they would be given under the laws of the state in which the judgments were rendered.[2] *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct.

---

1. Although plaintiff framed his motion as a request for a declaratory judgment, I am treating it as a motion for partial summary judgment. Because a declaratory judgment would not finally settle the rights of the parties to this action, this case is not suitable for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 462 (6th Cir.1986).

2. Title 28 U.S.C. § 1738 states in pertinent part:

   The records and judicial proceedings of any court of any ... state ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ... from which they are taken.

892, 79 L.Ed.2d 56 (1984). In *University of Tennessee v. Elliot*, 478 U.S. 788, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986), however, the Supreme Court held that section 1738 is not applicable to judicially unreviewed, administrative factfinding. *See also Kremer v. Chemical Constr. Corp*, 456 U.S. 461, 470, n. 7, 102 S.Ct. 1883, 1891, n. 7, 72 L.Ed.2d 262 (1982) (unreviewed administrative determinations by state agencies do not preclude review in federal court, even where such decisions are given preclusive effect in state's own courts). Since the Social Security Administration did not appeal the OES appeal referee's decision, that portion of the opinion regarding the absence of "willful misconduct" on the part of plaintiff clearly constitutes "judicially unreviewed administrative factfinding," and section 1738 does not apply.

■ Nevertheless, the Supreme Court has frequently fashioned a federal common-law rule of preclusion in the absence of a governing statute. *See Elliot, supra*, 106 S.Ct. at 3224; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed. 2d 552 (1979); *Blonder–Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). With respect to administrative factfinding, the Court held in *Elliot* that "when a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate' ... federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." 106 S.Ct. at 3227 (quoting *United States v.*

*Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)).[3] Since both plaintiff and defendant had an adequate opportunity at the OES hearing to litigate the issue of plaintiff's misconduct,[4] the MSPB would be bound by the appeal referee's finding on this issue to the extent that Pennsylvania's doctrine of collateral estoppel dictates.

■ Under Pennsylvania law, four elements must be present before collateral estoppel is applied: 1) the issue decided in the prior adjudication was identical with the one presented in the later action; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and 4) the party against whom the plea is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Safeguard Mut. Ins. Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). Because the issue before the Unemployment Compensation Board of Review was clearly different from the issue before the MSPB, plaintiff's claim fails to satisfy the first prong of this test; therefore, his request must be denied.

The only issue before the OES appeals referee was whether the OES properly denied plaintiff unemployment benefits under 43 Pa.C.S.A. § 802(e). Section 802(e) states that "[a]n employee shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." The Pennsylvania courts have

---

**3.** Although the MSPB is not a federal court, I interpret *Elliot* as applying just as readily to federal administrative tribunals, such as the MSPB, which have many of the same procedural characteristics of a court. *See Chisolm v. Defense Logistics Agency*, 656 F.2d 42, 47 (3d Cir.1981) ("When an administrative agency acts as a quasi-judicial body, it fulfills the same function as a court...."); 4 K. Davis, Administrative Law Treatise § 21.9 at 78 (2d ed. 1983) "([T]o the extent that administrative adjudications resemble court decisions—a very great extent—the law worked out for courts does and should apply to agencies.").

**4.** In an employment compensation proceeding, the employer bears the burden of proving will-

ful misconduct, and must establish the existence of a rule and the fact of its violation. *Bailey v. Commonwealth, Unemployment Compensation Bd. of Review*, 71 Pa. Commw. 385, 454 A.2d 1182 (1983). Plaintiff's evidence shows that the Social Security Administration received notice of and was represented at the appeals hearing before the Unemployment Compensation Board of the OES. As defendant has challenged neither this evidence nor plaintiff's assertion that defendant had adequate opportunity to litigate the issue of willful misconduct at the OES hearing, I will assume that defendant has conceded these points.

fashioned a stringent test for determining whether an employee's behavior constitutes willful misconduct under section 802(e):

> "It is settled that an employee's negligence does not constitute willful misconduct unless it is of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

*Bucher v. Commonwealth, Unemployment Compensation Board of Review*, 76 Pa. Commw. 282, 463 A.2d 1241, 1243 (1983) (quoting *Coleman v. Commonwealth, Unemployment Compensation Board of Review*, 47 Pa. Commw. 113, 115, 407 A.2d 130, 131–32 (1979)). The courts have also required that employers "present evidence indicating that the conduct was of an intentional or deliberate nature," *id.*, to sustain their burden of proving willful misconduct.

The OES appeals referee found that plaintiff's conduct did not amount to "willful misconduct" under section 802(e). The MSPB had no reason to consider this finding because its scope of review was not governed by 43 Pa.C.S.A. § 802(e) or by the case law defining "willful misconduct" for the purposes of section 802(e).

In addition to the allegations of handicap discrimination and reprisal, the issues properly before the MSPB included whether plaintiff's twenty-day suspension and AWOL status were reasonable in light of his failure to follow employment regulations. Plaintiff contends that the administrative judge was estopped by the OES appeal referee's conclusions from finding that defendant's sanctions were reasonable. What plaintiff refuses to recognize, however, is that the factors that the administrative judge considers to determine the "reasonableness" of agency actions are not limited to an assessment of the "willfulness" of a claimant's misconduct. In its review, the administrative judge will evaluate the nature and seriousness of the offense, including (but not limited to) whether the offense was intentional or technical or inadvertent, the employee's past disciplinary record, the employee's past work record, whether the employee had been warned about the conduct in question, and the adequacy and effectiveness of alternative sanctions. *Douglas v. Veterans Admin.*, 5 MSPB 313, 332, 5 M.S.P.R. 280 (1981). The administrative judge stated in his opinion that he considered the "Douglas factors" in reaching his conclusion that defendant's twenty-day suspension was reasonable. Although he did not indicate the weight, if any, that he gave to the issue of "willfulness," even if this factor were decisive in plaintiff's case, the administrative judge was not bound by the definition of "willfulness" as articulated in *Bucher, supra*, since the *Bucher* definition was a narrow one, applicable only to unemployment compensation hearings.[5]

Because I find that the issue regarding the willfulness of plaintiff's misconduct decided by the OES appeals referee was not identical with any of the issues presented in the MSPB hearing, I conclude that the MSPB was correct in refusing to give preclusive effect to the referee's determination. *Safeguard Mut. Ins. Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). An appropriate order follows.

### ORDER

AND NOW, this 28th day of October, 1988, it is hereby ordered that plaintiff's motion for a declaratory judgment is denied. It is further ordered that discovery shall be completed by December 1, 1988. If either of the parties intend to file a motion for summary judgment, it shall be filed by December 11, 1988. In any event,

---

**5.** In his brief, plaintiff quoted a portion of the OES appeal referee's decision which states that "the specific requirement of the claimant's immediate supervisor in this case is not considered, in the opinion of the Referee, to be of a reasonable nature." Because this "opinion" clearly exceeds the scope of the referee's review, which is limited to a determination of whether plaintiff's conduct fell within section 802(e) of Pennsylvania's Unemployment Compensation Law, it cannot be granted preclusive effect in an MSPB hearing. *See Delgado v. Lockheed–Georgia Co.*, 815 F.2d 641, 647 (11th Cir.1987).

the parties shall be prepared for trial by December 11, 1988.