# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laura Dittman,                  :
            Petitioner     :
                              :
        v.                :   No. 1489 C.D. 2024
                              :   SUBMITTED: February 3, 2026
Unemployment Compensation   :
Board of Review,                :
           Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: March 12, 2026**

Petitioner Laura Dittman (Claimant), proceeding *pro se*, petitions for review from the Unemployment Compensation Board of Review's order affirming the decision of a Referee to deny Claimant unemployment compensation benefits because she committed willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant was employed by Respondent S & T Bank (Employer), from 2019 until 2023, pursuant to the terms of a telework agreement, which required that remote employees inform Employer's compensation and benefits department if they wished to relocate to another state prior to moving. In August 2023, Claimant submitted a change of address through Employer's human resources computer

---

[1] Section 402(e) of Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

system, which indicated that she had moved from Pennsylvania to Colorado. Claimant did not notify Employer prior to her move. Employer terminated Claimant's employment, effective August 18, 2023.

Thereafter, Claimant applied for unemployment compensation benefits, which an unemployment compensation service center denied because Employer terminated Claimant for violating its telework agreement. Claimant appealed to the Referee, who conducted a telephonic hearing at which both Claimant and Employer participated.

Employer's employee services manager, Tim Suplizio, testified that Employer's policy requiring notification prior to moving out-of-state is included in the telework agreement, which remote employees acknowledge and sign annually through Employer's computer system. Notes of Testimony "N.T." at 11, Certified Record "C.R." at 147. Mr. Suplizio acknowledged that Employer has remote employees who live out-of-state; however, those employees obtained permission prior to moving. N.T. at 11, C.R. at 147. He advised that, without prior knowledge of an employee's move to another state, Employer might not be equipped to address additional business taxes and costs from that state or any local and state labor laws to which Employer must adhere. N.T. at 10, C.R. at 146. Employer did not have any business affiliation with Colorado. N.T. at 10-11, C.R. at 146-47.

Employer's operations manager, Amber Whitesel, also testified that Employer's policy required Claimant "to notify comp[ensation] and benefits prior to moving to a new state." N.T. at 9, C.R. at 145. Claimant signed the telework agreement in May 2023. N.T. at 9, C.R. at 145. Ms. Whitesel stated that Employer terminated Claimant for violating the telework agreement. Additionally, Claimant's supervisor, Carla Shirley, testified that the telework agreement specifies that remote

2

employees must be available to attend in-person meetings and other events, as necessary. N.T. at 13, C.R. at 148. Ms. Shirley went over the telework agreement with Claimant and believed she was aware of the requirements contained therein.

Although Claimant did not recall reviewing the telework agreement, she acknowledged signing it, and Claimant conceded that she did not contact Employer prior to moving to Colorado. Claimant disputed that she was terminated for violating the telework agreement, based on a severance agreement executed by the parties that indicated her termination was a "business-related decision[.]" Severance Agreement, Bd. Ex. 5, C.R. at 188. This, according to Claimant, was changed from an earlier draft of the severance agreement listing the reason for termination as a rule violation. N.T. at 21, C.R. at 157.

The Referee issued a decision affirming the service center's determination denying benefits. Although Employer did not produce a copy of the telework agreement, the Referee credited the testimony of Employer's witnesses as to the agreement's existence and Claimant's knowledge thereof. The Referee found that Claimant did not provide notice to Employer prior to moving to Colorado and that Claimant was terminated for violating the telework agreement. Because Claimant failed to demonstrate that the rule was unreasonable, or that she had good cause to violate the rule, the Referee concluded that Claimant should be denied benefits under Section 402(e) of the Law.

Claimant appealed the Referee's order to the Board, which adopted and incorporated the Referee's findings and conclusions and affirmed. Specifically, the Board found that Employer had a policy requiring its remote employees to notify Employer of a potential move out of state prior to making the move, that the policy was necessary because different states had different labor and tax laws; and that

3

Employer had a reasonable and business-related reason to ensure it complied with such laws before allowing an employee to move to another state, and that Claimant was aware of the policy but failed to inform Employer before moving to Colorado. The Board further found that Claimant failed to show Employer's policy was unreasonable or unfairly applied. The instant petition for review ensued.

On appeal, Claimant raises the following issues: whether Employer provided evidence of the existence of the work rule, and Claimant's awareness of said rule; whether Claimant "displayed" a deliberate and willful violation of an employment rule; and whether a severance agreement negotiated and executed by the parties established that Claimant did not commit a rule violation.[2] Claimant's Br. at 5, 10.

Claimant first argues that by not providing a copy of the telework agreement, Employer failed to prove the existence of a rule that she required Employer's approval to move, a deliberate violation of Employer's rules, or a wanton and willful disregard of the employer's interests. This is because, Claimant contends, the telework agreement "did not state that approval was needed to move out of state, or that moving out of state would result in disciplinary action or termination." *Id.* at 9-10.

This Court has found that the existence of an employer's written rules may be established by testimony. *See Fera v. Unemployment Comp. Bd. of Rev.*, 407 A.2d 942, 944 (Pa. Cmwlth. 1979).[3] *Id.* In later cases, we have held that the

---

[2] The first two issues are listed in reverse order from the statement of questions presented in Claimant's brief. The third is an argument raised but not listed in the statement of questions presented.

[3] Rule 1002 of the Pennsylvania Rules of Evidence, commonly referred to as the "best evidence rule" provides that, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise required in these rules . **(Footnote continued on next page…)**

best evidence rule does not apply to unemployment compensation proceedings, *see Wilshire v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1765 C.D. 2013, filed April 30, 2014), slip op. at 7, and that the failure of an employer to submit a written version of its policy into evidence does not render a finding that a policy existed unsupported by the record, *see R. W-M. v. Unemployment Comp. Bd. of Rev.*, (Pa. Cmwlth., No. 1817 C.D. 2017, filed Jan. 9, 2019), slip op. at 9-10.[4]

Here, Employer's witnesses credibly testified that the policy requiring Claimant to notify Employer's compensation and benefits department prior to moving out of state was set forth in the telework agreement. Claimant's supervisor, Ms. Shirley, reviewed the telework agreement with Claimant, who acknowledged and signed the agreement in May 2023. Claimant admitted that she did not notify Employer before she moved to Colorado. Thus, the Board's findings that Employer had a rule and that Claimant knew of the rule are supported by substantial evidence.

---

. . ." Pa.R.E. 1002. The best evidence rule "is a technical rule of evidence not generally applicable to administrative proceedings." *DiLucente Corp. v. Pa. Prevailing Wage Appeals Bd.,* 692 A.2d 295, 298 (Pa. Cmwlth.1997); Section 823 of the Law, 43 P.S. § 825 ("[T]he conduct of hearings and appeals, shall be in accordance with rules of procedure prescribed by the board whether or not such rules conform to common law or statutory rules of evidence and other technical rules of procedure"); *see also* 2 Pa.C.S. § 505 ("Commonwealth agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received").

In *Fera*, we rejected a challenge under the best evidence rule to the Board's finding that a written company rule existed regarding abandoning a job site because the testimony was entered without objection by the claimant. 407 A.2d at 944. Although routinely cited for the proposition that the best evidence rule does not apply to unemployment compensation proceedings, the Court did not actually reach the issue in *Fera* because it had been waived. *Id.* Nevertheless, as discussed, the Court has since held that the best evidence rule does not apply to unemployment compensation proceedings.

[4] Unpublished decisions of this Court filed after January 15, 2008 may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b) and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 414(a). *See also Wilshire* and *R. W-M.*

5

Claimant's next argument, that she did not commit a deliberate and willful violation of a work rule, depends upon her first: if the rule was not established, she did not willfully violate a rule. However, as the existence of the rule was established by competent evidence, and Claimant admitted she did not notify Employer before moving to Colorado, we agree with the Board that Employer met its evidentiary burden.[5]

Finally, Claimant argues that the negotiated severance agreement listing the reason for her termination as a "business-related decision," rather than a violation of the telework agreement, as described in an earlier draft, "confirmed" that it was not a rule violation. Claimant's Br. at 10. Essentially, Claimant asserts that this contracted-to reason is legally binding upon the Board, and that Employer was "contractually obligated to amend/correct their reason" for termination with the Board. *Id.* Ultimately, the Board is not constrained by how Claimant and Employer characterized the reason for the dismissal in the severance agreement. "It is not for an employee and employer to determine eligibility for benefits by agreement." *Turner v. Unemployment Comp. Bd. of Rev.*, 381 A.2d 223, 224 (Pa. Cmwlth. 1978). "It is for the referee and Board to determine a claimant's eligibility for benefits in unemployment compensation cases by determining the facts and applying the law." *Id.*[6]

---

[5] To establish willful misconduct based on a work rule violation, the employer must prove: the existence of the rule, the reasonableness of the rule, the claimant's knowledge of the rule, and the claimant's violation of the rule. *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 (Pa. Cmwlth. 2024).

[6] In *Turner*, a claimant was denied benefits for willful misconduct. Prior to the hearing, the employer's personnel director submitted a letter indicating that the employer wished to withdraw its objection to the claim for benefits and did not desire to further contest the matter. 381 A.2d at 224. The only evidence presented during the hearing on appeal was the testimony of the claimant. **(Footnote continued on next page…)**

Nevertheless, an employer may not offer one reason for discharge at the time of separation and then later rely on a completely different reason. *Saleem v. Unemployment Comp. Bd. of Rev.*, 35 A.3d 1283, 1290-93 (Pa. Cmwlth. 2012). Employer must prove that Claimant "committed some act which constitutes 'willful misconduct,' the employer must also prove that *the act in question was the actual reason for the claimant's discharge.*" *Id.* at 1291 (emphasis original) [quoting *Panaro v. Unemployment Comp. Bd. of Rev.*, 413 A.2d 772, 774 (Pa. Cmwlth. 1980)]. The severance agreement states that "[a]s a result of a business-related decision," Claimant's last day of employment was August 18, 2023. Severance Agreement, C.R. at 161. As the Board notes in its brief, nothing in the severance agreement precludes the possibility that the rule violation itself provided the impetus for the business-related decision. Lending credence to this, Employer's witnesses consistently testified that Claimant was terminated for violating the telework agreement by moving out of state without first notifying Employer. When asked why Claimant was terminated, Ms. Whitesel responded that Claimant "moved out of state without discussion with her supervisor of comp and benefits, as it relates to the business effect on the company." N.T. at 9, C.R. at 145. Ms. Whitesel later specified that Employer terminated Claimant "for violating the tele[work] agreement." N.T. at 10, C.R. at 146.

In her discharge questionnaire, Claimant acknowledged that her discharge was due to a rule violation, which Claimant indicated was the telework agreement, and that she violated the rule by moving out of state. Claimant's Discharge Questionnaire, C.R. at 30-31. Employer reported in its separation information that the reason for Claimant's separation was her move to Colorado,

*Id.* Despite this, we affirmed the Board's denial of benefits based upon willful misconduct as established by the claimant's testimony.

outside Employer's taxable location, without notification or permission. Employer's Separation Information, C.R. at 41.

Based on the record, including the credited testimony of Employer's witnesses, the Board did not err in finding that Claimant was terminated for violating Employer's telework agreement and was, therefore, ineligible for benefits under Section 402(e)of the Law.

In light of the foregoing, we affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laura Dittman, :
                Petitioner :
                :
         v. : No. 1489 C.D. 2024
                :
Unemployment Compensation :
Board of Review, :
                Respondent :

## **O R D E R**

AND NOW, this 12th day of March, 2026, the order of the Unemployment Compensation Board of Review is AFFIRMED.


**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita