John WASHINGTON, Plaintiff,

v.

CITY OF EVANSTON, et al.,
Defendants.

No. 81 C 4496.

United States District Court,
N. D. Illinois, E. D.

March 31, 1982.

Arthur R. Waddy, Chicago, Ill., for plaintiff.

Jack Siegel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Washington ("Washington"), a City of Evanston patrol officer, sues Evanston and several supervisory or investigatory members of its Police Department (the "Department"), alleging race discrimination in violation of (1) Title VII of the Civil Rights Act of 1964 ("Title VII," 42 U.S.C. §§ 2000e–2000e–17) and (2) 42 U.S.C. § 1981 ("Section 1981").[1] Defendants have moved to dismiss. For the reasons stated in

1. Washington originally also sought relief under the Thirteenth Amendment but has since conceded it does not authorize an independent cause of action.

2. Like the large majority of Fed.R.Civ.P. ("Rule") 12(b)(6) motions, in principal part this one has accomplished little except to delay the real commencement of litigation, keep the meters running for two sets of lawyers and occupy time of this Court and one of its clerks that would have been better spent on more constructive matters. Were fewer such motions

this memorandum opinion and order defendants' motion is denied.[2]

### Sufficiency of the Complaint

Defendants contend that Washington's Complaint (the "Complaint") contains only conclusory statements and lacks the necessary specificity to state a civil rights cause of action. But the Complaint alleges the following specific acts (among others) were the result of defendants' racial discrimination:

(1) Washington was disciplined for minor infractions in situations where white employees would not have been.

(2) He has been denied the opportunity for outside schooling.

(3) He has been denied shift changes.

(4) He has been refused light duty assignment after a non-job-related injury.

(5) He has been the target of "false and defamatory interdepartmental charges."

(6) He has been denied overtime work.

(7) He has been cited for rule violations and suspended in retaliation for filing discrimination charges.

Those allegations give defendants ample notice of the nature of Washington's claims. Washington is not required to plead evidence supporting the allegations or demonstrating those acts were racially motivated. Without question he has alleged enough to permit the action to survive and enter the discovery phase.

It is true the Complaint contains some vague allegations. Paragraph 15.A, for example, alleges discriminatory practices including:

filed there might be time available for an empirical study of just what percentage are the product of a refusal to acknowledge the notice pleading concept that has underlain the Rules from the beginning. As it is the Court has only its general sense of things to support the conviction that a Rule making unsuccessful (and perhaps successful) Rule 12(b)(6) motions the predicate for awarding attorneys' fees to the prevailing party would be a wholesome provision. At this point there is no real disincentive to file the typical groundless motion.

maintaining policies and practices with respect, but not limited to, wages, discipline, job assignments, transfers, schooling and other terms and conditions of employment. . . .

Moreover Washington must recognize he has standing to challenge only acts of discrimination that have affected him. For example Paragraph 15 alleges discriminatory hiring. Because Washington *was* hired he cannot directly challenge such policies.[3] Taken as a whole, however, the Complaint clearly withstands a motion to dismiss. Defendants are free to engage in discovery to obtain any needed particulars.

### Res Judicata

■ On two occasions Washington has been suspended from work for disciplinary reasons. In each instance Washington requested and received a hearing before the Evanston Civil Service Commission (the "Commission") to review the suspensions. One suspension was upheld in turn by the Commission, the Circuit Court of Cook County and the Illinois Appellate Court, while the second was upheld by the Commission and now awaits review in the Circuit Court.

Complaint ¶¶ 15.B., 15.F., 16 and 17 appear to stem from the same operative facts that led to the two cases Washington has pursued in the Illinois courts. Defendants say those state court proceedings bar any adjudication here under doctrines of res judicata and collateral estoppel.

As to Washington's Title VII claim, res judicata principles *cannot* apply. Most recently in *Unger v. Consolidated Foods Corp.*, 657 F.2d 909, 913–15 (7th Cir. 1981) our Court of Appeals again held a plaintiff entitled to pursue any state court proceeding involving employment discrimination

charges without affecting his right to a de novo determination of such matters in federal court. While *Unger* and other cases announcing that principle typically involve claims before the Fair Employment Practices Commission, the fact that Washington asserted his claim before a civil service commission is of no significance. Whatever the nature of state-created proceedings, they should not preclude a federal court Title VII claim. See discussion in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S.Ct. 1011, 1019–20, 39 L.Ed.2d 147 (1974).

■ Washington's Section 1981 claim is a bit more troublesome. He did not specifically argue in the state court proceedings that the disciplinary actions were the result of racial discrimination. Instead he contended the charges against him were not true factually. While it is now settled that res judicata and collateral estoppel can apply in Section 1983 actions, *Allen v. McCurry*, 449 U.S. 90, 96–105, 101 S.Ct. 411, 416–420, 66 L.Ed.2d 308 (1980), there has been no definitive statement in this Circuit on the issue whether constitutional claims that could have been but were not raised in state court proceedings are barred from federal civil rights actions.[4]

■ This Court need not however address that question. Complaint ¶ 15.B. alleges that rule violations asserted against Washington would not have exposed white employees to such severe discipline in similar circumstances. That claim could not have been presented to the Commission. Nor could that sort of claim have been presented to the Illinois courts, because they are limited by statute to reviewing the Commission's findings. Ill.Rev.Stat. ch. 110, § 274. Thus Washington may maintain a Section 1981 claim involving his disciplinary charges.[5]

---

**3.** This would not deny a plaintiff standing to assert a claim that discriminatory hiring has subjected him to an adverse job environment. Complaint ¶ 30 asserts a claim related to that concept.

**4.** That question was reserved in *Allen, id.* at 94 n.5, 101 S.Ct. at 415 n.5, and is the subject of a

split among the Circuits. *Gallagher v. Frye*, 631 F.2d 127, 129 n.2 (9th Cir. 1980).

**5.** This holding is supported by *Bickham v. Lashof*, 620 F.2d 1238, 1246 (7th Cir. 1980); *cf. Harl v. City of LaSalle*, 506 F.Supp. 1067, 1070–72 (N.D.Ill.1980). As for Complaint ¶ 15.F., however—alleging false and defamatory interdepartmental charges—Washington cannot

*Internal Police Procedures*

Defendants finally urge the Complaint should be dismissed because it concerns only internal police procedures. They say questions such as whether Washington was entitled to certain duty assignments or time off are such internal matters. That argument is absurd. Any internal police procedure that violates Title VII or Section 1981 is the proper subject of litigation in this Court.

*Conclusion*

Defendants' motion to dismiss is denied. Defendants are ordered to answer the Complaint on or before April 12, 1982. This action is set for a status hearing April 23, 1982 at 9 a.m.

relitigate that question on the first charge he has fought and lost in the state courts. As for the second, *see Kurek v. Pleasure Driveway and Park District*, 557 F.2d 580, 594–95 (7th Cir. 1977).