**Estrellita BRACKSHAW, Plaintiff,**

v.

**MILES, INC., d/b/a Miles Pharmaceuticals, a corporation, Defendant.**

**No. 88 C 5103.**

United States District Court,
N.D. Illinois, E.D.

Oct. 26, 1989.

Lawrence T. Miller, Gregory A. Stayart, James A. Romanyak, Romanyak & Miller, Chicago, Ill., for plaintiff.

Roger L. Taylor, Miriam G. Bahcall, Kirkland & Ellis, Chicago, Ill., for defendant.

---

1. Brackshaw subsequently dismissed Count III voluntarily.

2. Miles erroneously requests dismissal of Brackshaw's § 1981 claims in Counts IV and V pursuant to Rule 12(c). As is clear from the rule,

*MEMORANDUM OPINION
AND ORDER*

BRIAN BARNETT DUFF, District Judge.

Estrellita Brackshaw, a Filipino female, filed a five-count complaint against Miles Inc. in this court in June of 1988. Her first count alleged that Miles had violated 42 U.S.C. § 1981 (1982) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., by hiring Brackshaw at a lower salary than white employees. In Counts II, IV and V,[1] Brackshaw alleged that Miles failed to promote her, was responsible for racist remarks, and forced her to quit her job, again in violation of § 1981 and Title VII.

Pursuant to Rules 12(c) and 56(c) of the Federal Rules of Civil Procedure, Miles has sought judgment on portions of Counts I, II, IV and V of Brackshaw's complaint.[2] Miles contends that it is entitled to judgment on Brackshaw's Title VII claim in Count I because Brackshaw filed her complaint outside of the 300–day statute of limitations period of Title VII. See 42 U.S.C. § 2000e–5(c) and (e). Furthermore, Miles argues that this court should enter judgment on Brackshaw's § 1981 claims in Counts II, IV and V because the decision in *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), precludes relief under this statute upon the grounds stated in Brackshaw's complaint.

▇ The court will address these arguments in turn. Brackshaw alleges that the statute of limitations does not bar her Title VII claim in Count I because Miles' discrimination constituted a continuing violation of Title VII. See *Stewart v. CPC Intern., Inc.,* 679 F.2d 117, 120 (7th Cir.1982) (failure to file a claim within statute of limitations for initial discriminatory act does not bar recovery when there is a continuing violation of Title VII). Brackshaw alleges that Miles' actions constituted a continuing

however, the relief afforded pursuant to it is a judgment on the merits. The court will treat Miles's motion as one for judgment under Rule 12(c).

violation because (1) she did not receive equal wages or opportunities for promotion; (2) she suffered from this continuing violation every time she received her paycheck; and (3) she stated in a charge filed with the U.S. Equal Employment Opportunity Commission ("EEOC") that she suffered a continuing violation of Title VII.

Brackshaw's arguments are not consistent with her allegations in Count I. In ¶ 6 of her complaint, Brackshaw charges that Miles "discriminated against plaintiff in *starting* salaries due to her national origin." (Emphasis added) Brackshaw admits elsewhere that Count I is a "claim under Title VII for discriminatory hiring...." See Brackshaw's Memorandum in Opposition to Miles's Motion, 5. The court is not willing to read a continuing violation into Brackshaw's pleadings where the pleadings and Brackshaw herself disavow such a violation.

Brackshaw's grounds for arguing a continuing violation are flawed, over and above her defective pleading. Brackshaw did not suffer a continuing violation merely because she allegedly felt the impact of discrimination in her hiring every time she received a paycheck. The Supreme Court has stated that "a continuing impact on ... pay and fringe benefits" does not mean that any "present *violation* exists." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (emphasis in original). Brackshaw must allege that a discriminatory act, not merely an effect of a discriminatory act, took place within the limitations period in order to bring a Title VII claim.

Finally, the allegations of Brackshaw's EEOC complaint are irrelevant to whether Brackshaw adequately states a cause of action in her complaint before this court. Her complaint here must adequately allege a cause of action. Thus, because the complaint does not allege a continuing violation of Title VII, the court grants Miles summary judgment on Brackshaw's Title VII claim in Count I.

■ The court now turns to Miles' motions against Brackshaw's § 1981 claims in Counts II, IV, and V. Miles seeks judgment on these counts[3] because of the recent decision in *Patterson*. Brackshaw concedes that Miles is entitled to judgment if *Patterson* governs this case, but Brackshaw argues that the court should not apply *Patterson* retroactively. Courts presume that decisions will be applied retroactively, see *Solem v. Stumes*, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984), but this is not an absolute rule. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971) (citations omitted), the Court proposed a three-part test to determine whether courts should apply a principle of law retroactively. The courts should balance: (1) whether a judicial principle "establish[es] a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; (2) whether retroactive operation will advance or retard the purpose and effect of the new rule, in light of its history; and (3) whether applying the statute retroactively will produce inequitable results.

Brackshaw argues that *Patterson* overruled clear precedent. She submits that prior to *Patterson*, § 1981 provided remedies for discrimination on the job. See, for example, *Flowers v. Crouch–Walker Corp.*, 552 F.2d 1277 (7th Cir.1977) (discriminatory discharge); *Washington v. City of Evanston*, 535 F.Supp. 638 (N.D.Ill. 1982) (discriminatory conditions of work).[4] Although one court has ruled that *Patterson* merely "clarifies the application of section 1981" and does not announce a new rule of law, see *Morgan v. Kansas City*

---

**3.** Miles seeks summary judgment under Rule 56(c) on the § 1981 claim in Count II, and judgment on the pleadings under Rule 12(c) on the § 1981 claims in Counts IV and V.

**4.** Brackshaw cites several additional cases from outside of this circuit, but the court will not refer to these case while engaging in balancing under *Chevron*. The Seventh Circuit in *Anton v. Lehpamer*, 787 F.2d 1141, 1143 (7th Cir.1986), directed that the court consider only whether a new ruling "overruled clear precedent in this circuit...."

*Area Transportation Authority,* 720 F.Supp. 758 (W.D.Mo.1989), a decision that clarifies application of a statute can override precedent for purposes of analysis under *Chevron.* See *E.E.O.C. v. Vucitech,* 842 F.2d 936, 940–42 (7th Cir.1988) (new Supreme Court interpretation of statute which "was one of two equally plausible interpretations of an ambiguous statute" meets first *Chevron* requirement where it is contrary to prior Seventh Circuit interpretation). Thus, the fact that *Patterson* might have overruled some precedent upon which Brackshaw had a right to rely supports her proposition that this court should not apply *Patterson* retroactively.[5]

Brackshaw contends that the second criterion of *Chevron,* whether retroactive application "will serve (or at least not disserve) the operation of the new principle of law," *Vucitech,* 842 F.2d at 941, similarly tilts in her favor. Brackshaw submits that the impetus behind *Patterson* was preservation of the statutory scheme for remedying workplace discrimination contained in Title VII. The *Patterson* Court suggested that interpreting § 1981 narrowly would prevent plaintiffs from circumventing Title VII's administrative remedies. See *Patterson,* 109 S.Ct. at 2374–75. Brackshaw argues that she already has pursued her Title VII remedies, and thus her § 1981 claims have not frustrated Title VII's purposes. To this extent, she argues, refusing to apply *Patterson* retroactively will not retard the policy which motivates *Patterson.*

Brackshaw's description of Title VII is incomplete. Title VII's system for remedying workplace discrimination involves more than the filing and processing of charges through the EEOC and its state agency counterparts. It also includes a collection of forward-looking remedies, and does not include a provision for damages. These remedies reflect a congressional choice, one which balances concern for the employee with a concern for retaining the commit-ment of employers to the goal of equal opportunity. Protecting this careful balance requires more than encouraging aggrieved employees to file administrative complaints. It also requires strict adherence to the structure of incentives inherent within Title VII's schedule of remedies. Read this way, *Patterson* upholds the federal policy to protect employers from paying money damages for certain acts of discrimination in violation of federal law. Thus, if this court were not to apply *Patterson*'s construction of § 1981 retroactively, that policy would not be served. The second criterion of *Chevron* thus points in favor of retroactive application of *Patterson.*

Finally, Brackshaw alleges that applying *Patterson* retroactively would be inequitable. She argues that *Patterson* denies her the right to relief for mental suffering, and that she relied on precedent when pursuing her claims. Although it might be unfortunate that Brackshaw may not obtain relief for mental suffering, her objections to such a result seem to be aimed more directly at the merits of *Patterson* than the equity of retroactive application of *Patterson.* See *Bennett v. Tucker,* 720 F.Supp. 1331 (N.D.Ill.1989) (for retroactive application to be inequitable, the party must show that he or she will be subject to costs "above and beyond" those he or she would have incurred had the new rule been in force all along). Furthermore, if this court were not to apply *Patterson* retroactively merely because Brackshaw relied upon precedent when filing suit, the general rule that new law should be applied retroactively would become the exception.

Brackshaw's reliance on pre-*Patterson* precedents is not the type which traditionally has resulted in exceptions to the presumption of retroactive application of the law. For example, in *People ex rel. Rice v. Graves,* 242 App.Div. 128, 273 N.Y.S. 582 (1934), aff'd per curiam, 270 N.Y. 498, 200

---

**5.** It is questionable whether *Patterson* overruled precedent in the Seventh Circuit. Although the cases that Brackshaw cites assume that § 1981 applies after the formation of contracts, no party in those cases raised the question whether § 1981 applies to employers' actions after the formation of the contract. Nevertheless, the Seventh Circuit had noted in dicta prior to *Patterson* that § 1981's scope ranged beyond that described in *Patterson.* See *Hunter v. Allis–Chalmers Corp.,* 797 F.2d 1417, 1420 (7th Cir. 1986).

N.E. 288 (1936), the court concluded that a change in judicial interpretation of tax laws should not be enforced retroactively to the extent that people relied upon the old interpretation of the law when conducting their economic affairs. See *id.* 200 N.E. at 288–89; see also *Bennett,* 720 F.Supp. 1331 (refusing retroactive application of due process decision where state has made economic assumptions based on reliance on old law.). Brackshaw does not allege that she relied upon pre-*Patterson* judicial decisions when conducting her economic affairs with Miles. She merely alleges that she expected to be able to assert a claim for mental suffering when she got to this court, an expectation which is different from that of the plaintiffs in *Graves.*

Another instance when courts have refused to apply new law retroactively is where parties have relied upon statutes of limitations, statutes which courts have reinterpreted later. Thus, when *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), overturned precedent in the Seventh Circuit and reduced the statute of limitations for § 1981 claims, the court in *Smith v. Firestone Tire and Rubber Co.,* 875 F.2d 1325, 1326–28 (7th Cir.1989), ruled that *Goodman* should not be applied retroactively to claims that were not filed in a timely manner in reliance upon Seventh Circuit precedent. Brackshaw does not allege that she failed to file any claims based on reliance on pre-*Patterson* precedents, so *Smith's* principle does not apply to this case.

When balancing the three criteria of *Chevron,* it is important to consider that the first two criteria overlap to some degree with the third. All three criteria involve aspects of equity. Brackshaw has failed to establish that retroactive application of *Patterson* would be inequitable, except to the extent that it overturns some precedent. This court thus holds that the general rule of retroactive application of new law should be upheld, and thus pursuant to Rules 12(c) and 56(c), Miles is entitled to judgment on Brackshaw's § 1981 claims in Counts II, IV, and V.

For the reasons stated herein, the court enters judgment in favor of Miles and against Brackshaw on Brackshaw's Title VII claim in Count I, and her § 1981 claims in Counts II, IV, and V.