**Harvey J. SMITH, Sr., Plaintiff,**

**v.**

**PRIVATE INDUSTRY COUNCIL OF WESTMORELAND AND FAYETTE COUNTIES, INC., Carl Bartolomucci, Individually, and as Executive Director of the Private Industry Council of Westmoreland and Fayette Counties, Inc., Edward J. Lyons, Individually, and as Chairman of the Private Industry Council of Westmoreland and Fayette Counties, Inc., Defendants.**

Civ. A. No. 85–0274.

United States District Court,
W.D. Pennsylvania,
Civil Division.

Nov. 4, 1985.

John W. Murtagh, Jr., Greenfield & Murtagh, Pittsburgh, Pa., for plaintiff.

Albert C. Gaudio, Monessen, Pa., Alex E. Echard, Greensburg, Pa., for defendants.

## MEMORANDUM AND ORDER

SIMMONS, District Judge.

Plaintiff, Harvey J. Smith, Sr., a black adult male, filed a Complaint against the Defendants on February 6, 1985, alleging two separate causes of action under federal law. Count I of the Complaint against Defendant Private Industry Council of Westmoreland and Fayette Counties, Inc. only, was brought under Title VII of the Civil Rights Act of 1964; Count II of the Complaint, against all the Defendants, was brought under 42 U.S.C. § 1985(3).

The Defendants filed a joint Motion to Dismiss, and/or Strike, pursuant to Rule 12 of the Federal Rule of Civil Procedure. The issues raised by the Defendants can be summarized as follows:

1. The Complaint allegedly fails to state a cause of action under 42 U.S.C. § 1985(3), because:

a. Charges of employment discrimination are allegedly cognizable only under 42 U.S.C. § 2000e, *et seq.;*

b. But in any case, the gravamen of a complaint under 42 U.S.C. § 1985(3) is a conspiracy, and, allegedly, as a matter of law, a conspiracy cannot be made out between a corporation and its directors or officers.

2. The complaint fails to state a cause of action under 42 U.S.C. Section 2000e, *et seq.* because:

a. The Plaintiff allegedly did not fulfill all of the conditions precedent to filing a complaint under this statute; and

b. In any case, the application of 42 U.S.C. Section 2000e *et seq.* to the defendants is allegedly a violation of the Eleventh Amendment to the Federal Constitution, and the Supremacy Clause, as well as a violation of principles of federalism.

3. In addition the Defendants have raised, but not briefed, the following issues:

a. The Court allegedly lacks subject matter jurisdiction;

b. The Court allegedly lacks personal jurisdiction;

c. The Complaint allegedly is not timely.

For the reasons hereinafter set forth, Defendants' Motion to Dismiss and/or Strike is denied.

## I. FACTS

The Defendants are described in the Complaint as follows: Defendant Private Industry Council of Westmoreland and Fayette Counties, Inc. ("PIC"), is a non-profit corporation, incorporated under the Laws of Pennsylvania. Defendant Carl Bartolomucci is the Executive Director of Defendant PIC. Defendant Edward J. Lyons was at all times relevant hereto a member of the "New Appointing Council" responsible for selecting the Executive Director of PIC.

The operative factual allegations set forth in Plaintiff's Complaint are as follows:

10. The Defendant, Private Industry Council, of Westmoreland and Fayette Counties, Inc., has in violation of the provisions of Title VII of the Civil Rights Act of 1964, denied and continues to deny the Plaintiff equal opportunity for employment because of the Plaintiff's race. In particular, the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., has engaged in the following unlawful practices with the purpose and effect of denying black persons equal opportunity for employment:

a. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., did not post a position vacancy notice for the position of Executive Director of the Private Industry Council of Westmoreland and Fayette Counties, Inc.;

b. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., did not advertise a position vacancy notice for the position of

Executive Director of the Private Industry Council of Westmoreland and Fayette Counties, Inc.;

c. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., arbitrarily preselected Defendant, Carl Bartolomucci, for the position of Executive Director without consideration of any comparative qualifications or the utilization of any procedures normally and customarily utilized in the hiring process;

d. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., denied the Plaintiff, and another black person, a female, an equal opportunity to be hired for the position of Executive Director;

e. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., failed to provide an opportunity for advancement to Plaintiff and another black person, a female, on the same basis as opportunity for advancement is provided for white persons;

f. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., failed to interview the Plaintiff and another black person, a female, for the position of Executive Director, despite the superior qualifications of the Plaintiff and the other black person;

g. the Defendant, Private Industry Council of Westmoreland and Fayette Counties, Inc., failed to request the Plaintiff and another black person, a female, to submit a resume for consideration in filling the position of Executive Director; and

h. otherwise discriminated against the Plaintiff on the basis of race.

13. From on or about the 1st day of July, 1983, until the present, in the Western District of Pennsylvania, the Defendants, Private Industry Council of Westmoreland and Fayette Counties, Inc., Carl Bartolomucci, individually and as Executive Director of the Private Industry Council of Westmoreland and Fayette Counties, Inc., and Edward J. Lyons, individually and as Chairman of the Private Industry Council of Westmoreland and Fayette Counties, Inc., did conspire for the purpose of directly and/or indirectly depriving the Plaintiff, Harvey J. Smith, Sr., a black citizen of the United States of the equal protection of the laws, or of equal privileges and immunities under the laws and in the furtherance of this conspiracy one or more of the Defendants did, or caused to be done, an act or acts in furtherance of the object of the conspiracy whereby the Plaintiff was injured in his property and deprived of his rights and privileges as a citizen of the United States, all of which is more fully set forth below and all of which was done as the result of a discriminatory racial animus, and all of which was and is in violation of the provisions of Title 42 U.S.C. § 1985(3).

14. The Defendants, and each of them, did conspire to fill the position of Executive Director of the Private Industry Council of Westmoreland and Fayette Counties, Inc., without advertising or posting a notice of vacancy, without soliciting or receiving resumes from qualified and interested candidates, and on the basis of political favoritism and the arbitrary pre-selection of Defendant, Carl Bartolomucci, without regard to the superior qualifications of the Plaintiff and other qualified candidates, all of which was done in a manner, and with the purpose, of depriving the Plaintiff of the equal protection of the laws and for a racially discriminatory reason and motive.

16. The Defendants performed the following overt acts, among others, in furtherance of the conspiracy, that is to say,

a. the Defendants arbitrarily preselected Defendant, Carl Bartolomucci, as Executive Director in an improper manner and on an inappropriate basis, i.e. political favoritism;

b. the Defendants filled the position without advertising;

c. the Defendants filled the position without posting;

d. the Defendants filled the position without soliciting or accepting resumes from qualified candidates;

e. in or about late August, 1983, the Defendant, Edward J. Lyons, advised the Plaintiff that he would not even be considered for the position and that he should apply for a lesser position;

f. the Defendants met and acted in concert, at a location and time and on a date known to them, but unknown to Plaintiff, to preselect the Defendant, Carl Bartolomucci, as Executive Director; and

g. the Defendants refused to consider the Plaintiff for the position in question on the basis of his race.

In appraising the sufficiency of the Complaint this Court follows the accepted rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Polite v. Diehl*, 507 F.2d 119, 124 n. 12 (3d Cir.1974); *Helstroski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977). To do substantial justice, reasonable inferences will be drawn to aid the pleader. Fed.R.Civ.P 8(f); 5 Wright, Federal Practice and Procedure, § 1363 at 657.

## II. CLAIM UNDER § 1985(3)

The Defendants cite *Great American. Federal Savings and Loan Association, et al. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), for the proposition that violations of Title VII cannot be redressed by a suit under 42 U.S.C. § 1985(3),[1] but only by the procedures outlined in 42 U.S.C. § 2000e *et seq.* That is not, however, the precise holding of *Novotny*.

In *Novotny*, a male officer of a savings and loan institution brought an action under § 1985(3) alleging he was fired because he had supported females in their efforts to end sex discrimination. Novotny claimed his firing was in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964.

The Supreme Court specifically held that the remedial provisions of Title VII were the exclusive vehicle for the protection of rights which were themselves *created by Title VII.*

Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates. The primary question in the present case, therefore, is whether a person injured by a conspiracy to violate § 704(a) of Title VII of the Civil Rights Act of 1964 is deprived of "the equal protection of the laws, or of equal privileges and immunities under the laws" within the meaning of § 1985(3).

442 U.S. at 372, 99 S.Ct. at 2349.

The Court further stated that:

[Section 1985(3) provides] a civil clause of action when some otherwise defined federal right—*to equal protection of the laws of equal privileges and immunities under the laws*—is breached by a conspiracy in the manner defined by the section.

442 U.S. at 376, 99 S.Ct. at 2351. (Emphasis added).

In *Novotny*, the rights asserted "did not even arguably exist before the passage of Title VII." 442 U.S. at 376–77, 99 S.Ct. at

---

1. 42 U.S.C. § 1985(3) reads as follows:

If two or more persons in any State or Territory conspire or go in disguise on the highway or, on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... (and) in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause, to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property; or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2351. The only question thus addressed was whether the rights *created by Title VII* could be asserted within the remedial framework at § 1985(3). In the present action, Plaintiff's claim under § 1985(3) is unequivocally based upon fundamental rights derived from the Constitution.

■ Congress enacted Title VII "to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex or national origin....", *Johnson v. Railway Express Agency*, 421 U.S. 454, 457, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 95 S.Ct. 1001, 1009, 39 L.Ed.2d 147 (1974). "It creates statutory rights against invidious discrimination in employment." *Johnson v. Railway Express Agency*, 421 U.S. at 457–58, 95 S.Ct. at 1719. In contrast, § 1985(3) provides a statutory cause of action for black citizens who have been the victims of conspiratorial, racially discriminatory private action aimed at depriving them of the basisc rights that the law secures to all men—fundamental rights derived from the Constitution. *See Griffin v. Breckenridge*, 403 U.S. 88, 105–06, 91 S.Ct. 1790, 1799, 29 L.Ed.2d 338 (1971). The distinctly separate nature of the rights accorded under § 1985(3) is not vitiated merely because both § 1985(3) and Title VII were allegedly violated as a result of the same factual occurrence.

■ Moreover, "the right to be free of the badges of slavery, [is] protected by the Constitution against interference by private action, as well as impairment by state action." *Novotny*, 442 U.S. at 383, 99 S.Ct. at 2354. Private conspiracies to deprive individuals of this right are actionable under § 1985(3) without regard to any state involvement. *See Griffin v. Breckenridge*, 403 U.S. 88, 105, 91 S.Ct. 1790, 1799, 29 L.Ed.2d 388 (1971). ("[T]he Thirteenth Amendment is not a mere prohibition of state laws establishing or upholding slavery, but an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States.").

■ Plaintiff alleges that all three Defendants conspired to deprive the Plaintiff, a black citizen of the United States, of the equal privileges and immunities under the laws. Complaint, paragraphs 13, 14. The Complaint clearly distinguishes between federal rights asserted under § 1985(3) and those rights accorded under Title VII. This Court therefore concludes that Plaintiff's claims in the present action involve two "independent" rights for which redress under § 1985(3) and Title VII is appropriate.

To come within the purview of 42 U.S.C. § 1985, Plaintiff's Complaint must allege that:

> The Defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of [the] conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having an exercising any right or privilege of a citizen of the United States.'

*Griffin v. Breckenridge*, 403 U.S. at 102–03, 91 S.Ct. at 1798.

■ Plaintiff's Complaint clearly and unequivocally alleges a cause of action under § 1985(3). Plaintiff has alleged with sufficient concreteness the four elements specified in the statute and required under *Griffin v. Breckenbridge*. Moreover, Plaintiff alleges "special facts" of discrimination,[2] *see, e.g.*, Complaint, paragraphs 10, 16, as well as of a conspiracy,[3] *see e.g.*, paragraphs 13, 14.

---

2. *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.) *cert. denied*, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972).

3. *See Robinson v. McCorkle*, 462 F.2d at 113.

Finally, in alleging race-based discrimination, the Complaint clearly charges that Plaintiff was a victim of "invidious, purposeful and intentional discrimination between classes or individuals." *Robinson v. McCorkle*, 462, F.2d 111, 113 (3d Cir.) *cert. denied*, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed. 23 492 (1972).

The Defendants further contend that even if a cause of action can be factually made out under 42 U.S.C. § 1985(3), nevertheless the claim must fail because as a matter of law a single corporation and its officers cannot commit a conspiracy. This is not a correct statement of the law in the Third Circuit. The rule in this Circuit has been, and remains, that set forth in *Novotny v. Great American Savings & Loan Ass'n.*, 584 F.2d 1235 (3d Cir.1978) which *rejected* the assertion made by the Defendants.

> Thus, since neither considerations of policy nor force of precedent require adherence to the Defendants' stance, *we do not follow the line of cases adopting the rule that concerted action among corporate officers and directors cannot constitute a conspiracy under § 1985(3).*

584 F.2d at 1259 (emphasis added).

On appeal, *Novotny* was reversed on other grounds, and the Supreme Court noted specifically it was not deciding this issue.

> For the purposes of this question, we assume but certainly do not decide that the directors of a single corporation can form a conspiracy within the meaning of § 1985(3).

442 U.S. at 372, n 1, 99 S.Ct. at 2349.

■ The Defendants' citations to decisions in other circuits and to the trial court decision in *Novotny* itself ignores the clear statement by the Third Circuit Court of Appeals that incorporation does not confer immunity to Directors and employees of a corporation for actions that would otherwise constitute a conspiracy. This Court therefore holds that as a matter of both fact and law, Plaintiff's Complaint states a cause of action against all Defendants under 42 U.S.C. § 1985(3).

## III. CLAIM UNDER TITLE VII

The Defendants further claim that the Complaint fails to state a cause of action under Title VII of the Civil Rights Act of 1964, because the Plaintiff did not fulfill all the conditions precedent to filing such a suit: namely, that Defendants Lyons and Bartolomucci were not named as respondents in the administrative proceedings before the Equal Employment Opportunity Commission (EEOC).

The Defendants cite no authority for this statement. Neither Defendant Lyons nor Defendant Bartolomucci is named as a Defendant in Count I (Title VII) of the Plaintiff's Complaint. Defendant Private Industry Council of Westmoreland and Fayette Counties, Inc., is the sole Defendant as to this Count as it was the sole respondent before the EEOC. Defendants' contention is therefore meritless.

Plaintiff has further met the *prima facie* test promulgated in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973):

a. Mr. Smith is a member of a protected class—he is a Black male citizen of the United States.

b. Plaintiff Smith was the object of adverse employment action—the Defendand Corporation refused to permit him to apply for the position of executive director.

c There was a casual relationship between his membership in the protected class and that refusal.

■ Parts (a) and (b) are beyond dispute. Part (c) is fully and fairly alleged in the Complaint in great detail in paragraph 10(a)—(h) and these allegations stand unrefuted by the Defendant Corporation. This Court therefore holds that Plaintiff's Complaint states a cause of action against Defendant Private Industry Council of Westmoreland and Fayette Counties, Inc. under Title VII of the Civil Rights Act of 1964.

The Defendants further contend that the substantive provisions of Title VII which

enable employees to sue a state, its institutions or officials in federal court, are founded upon an improper exercise of congressional authority under § 5 of the Fourteenth Amendment. Specifically, Defendants argue that the 1972 Amendments [4] are prohibited by the Eleventh Amendments, the Supremacy Clause, and principles of federalism.

■ Whatever the merits of this issue it is not properly before this Court. Defendants lack standing to raise this Constitutional challenge because they are not a State agency and they are not employees of a State Agency. The Defendant PIC is not an agency of the State, it is a non-profit corporation, functioning as an independent contractor of the State. Defendants Lyons and Bartolomucci are not State officials, they are private persons employed by a private corporation.

## IV. MISCELLANEOUS CONTENTIONS

The remainder of the contentions raised by the Defendants are without merit, and require brief comment only. The Defendants assert that 1) The Court lacks subject matter jurisdiction, 2) The Court lacks personal jurisdiction, and 3) The Complaint was not timely.

Subject matter jurisdiction for this action is conferred upon the Court by 28 U.S.C. § 1343.[5]

■ This Court has *in personam* jurisdiction of all the Defendants by virtue of the fact that both the individual and corporate Defendants are domicilaries resident in the Western District of Pennsylvania and were served with process pursuant to Rule 4(c)(2)(C)(i) of the Federal Rules of Civil Procedure.

A properly verified Return of Service of Summons, Complaint, Notice and Acknowledgment was filed in this Court by Plaintiff as to each Defendant. Consequently, personal jurisdiction has been perfected as to each of the Defendants.

The Complaint in the present action was timely. The acts complained of allegedly occurred in September of 1983. The Complaint was filed on February 5, 1985.

■ The Statute of Limitations for actions filed under 42 U.S.C. § 1985(3) is not specified by federal law. The rule, under these circumstances, is that the most analogous Statute of Limitations of the State from which the claim arose governs. *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Johnson v.*

**4.** As relevant here, the definition of "person" in § 701(a) of the 1964 Act, 78 Stat 253, 42 U.S.C. § 2000e (a) [42 U.S.C.S. § 2000e(a)], was amended by § 2(1) of the Equal Employment Opportunity Act of 1972 (hereinafter the 1972 Amendments), 86 Stat 103, 42 U.S.C. § 2000e(a), (1970 ed. Supp IV) [42 U.S.C.S. § 2000e(a)], to include "governments, governmental agencies, [and] political subdivisions."

The express exclusion of "a State or political subdivision thereof" provided in § 701(b) of the former was stricken by § 2(2) of the latter, 86 State 103, 42 U.S.C. § 2000e(b) (1970 ed, Supp. IV) [42 U.S.C.S. § 2000e(b)]. Section 2(5) of the 1972 Amendments, 86 Stat 103, 42 U.S.C. § 2000e(f) (1970 ed, Supp. IV) [42 U.S.C. § 2000e(f)], amended § 701 (f) of the 1964 Act, 42 U.S.C. § 2000e(f) [42 U.S.C.S. § 2000e(f)], to include within the definition of "employee" those individuals "subject to the civil service laws of a State government, governmental agency or political subdivision."

**5.** 28 U.S.C. § 1343 Civil Rights and Elective Franchise

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property; or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42 [42 USCS § 1985];

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

*Railway Express Agency,* 421 U.S. 454, 95 S.Ct 1716, 44 L.Ed.2d 295 (1975); *Liotta v. National Forge Co.,* 629 F.2d 903 (3d Cir. 1980).

The law on this issue is in a state of flux. The applicable Statute of Limitations for a § 1985(3) action may be as short as Pennsylvania's two-year Statute of Limitations for personal injury actions, 42 Pa.C.S.A. § 5524(2), *see Garcia* —— U.S. at ——, 105 S.Ct. at 1947–49 ("Among the potential analogies, Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract."), or the six-year residual limitations period for any civil action not subject to another limitation, 42 Pa.C.S.A. § 5527(6). *See Al Khazrani v Saint Francis College,* 523 F.Supp. 386, 389 (W.D.Pa.1981) (Allegations of racial discrimination in employment are analogous to a claim for "an unlawful breach of an existing at-will employment contract.")

■ The Complaint in the present action was filed within seventeen months and fell well within either Statute of Limitations.

■ The Statute of Limitations for filing Complaints under Title VII is much more specific. Pursuant to 42 U.S.C. § 2000e–5(f)(3) certain time requirements must be met both for administrative purposes as well as filing the Complaint. Paragraphs 2 of the Complaint, as well as Exhibits "A", "B", and "C" attached thereto, demonstrate that Plaintiff met all of the time prerequisities for filing a timely Complaint under Title VII. The Defendants assertion that the Complaint was not timely filed is unsupported by any factual statements and is thus dismissed as meritless.

Accordingly, the Defendants' Motion to Dismiss will be denied.

An appropriate Order will be granted.