**Richard THOMPSON, Plaintiff,**

v.

**JOHNSON & JOHNSON MANAGE- MENT INFORMATION CENTER, Defendant.**

**Civ. No. 86–319 (CSF).**

United States District Court, D. New Jersey.

Nov. 20, 1989.

Arthur N. Martin, Jr., P.C., Newark, N.J., for plaintiff.

Jones, Day, Reavis & Pogue by James E. Farrell, Jr., Los Angeles, Cal., for defendant.

OPINION

CLARKSON S. FISHER, District Judge.

The plaintiff, Richard Thompson, alleges that he was wrongfully discharged in violation of various civil rights statutes, including 42 U.S.C. § 1981. The defendant, Johnson & Johnson Management Information Center, is presently before the court seeking judgment on the pleadings with respect to plaintiff's claims under Section 1981. For the reasons set forth below, defendant's motion is granted.

In essence, the sole issue before the court is whether the Supreme Court's recent decision in *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) should be applied in this case. The plaintiff concedes that the defendant is entitled to judgment if *Patterson* governs; however, he argues that the court should not apply *Patterson* retroactively.

In *Patterson,* the Court delineated the parameters of § 1981 with respect to employment discrimination.[1] The Court stat-

---

1. Section 1981 reads as follows:

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

ed that the most obvious feature of the statute "is the restriction of its scope to forbidding discrimination in the 'mak[ing] and enforce[ment]' of contracts." *Patterson*, 109 S.Ct. at 2372. Accordingly, the Court concluded that the protections of § 1981 are restricted to redressing discrimination in the making and enforcement of contracts.

Against this background the Court held that the right to make an employment contract

> extends only to the formation of [the] contract, but not to problems that may arise later from conditions of continuing employment.... [T]he right to make contracts does not extend, as a matter of logic or semantics, to conduct by the employer after his contract relation has been established, including breaches of terms of the contract or imposition of discriminatory working conditions.

*Id.* 109 S.Ct. at 2372–73. Therefore, allegations of discriminatory termination of an employment contract are not protected under § 1981. Such post-formation conduct concerns the performance of contractual obligations and does not involve the making of the contract. *Id.* at 2373.

The plaintiff agrees that defendant's conduct, although reprehensible if true, is not actionable under § 1981 insofar as it does not involve discrimination in the making or enforcement of plaintiff's employment contract. The plaintiff argues, however, that the *Patterson* decision should not be applied retroactively.

Generally, cases are decided "in accordance with the law existing at the time of decision." *Goodman v. Lukens Steel*, 482 U.S. 656, 662, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987). Therefore, decisions of the Supreme Court are usually applied retroactively; however, the Court, in *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), set out three qualifications for limiting a decision to prospective application:

> (1) The holding must establish a new principle of law, either by overruling clear past precedent on which litigants

have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;

> (2) The merits and demerits in each case must be weighed by looking to the history of the rule in dispute, its purpose and effect, and whether retrospective operation will further or retard the rule's operation;

> (3) Retrospective application must create the risk of producing substantially inequitable results.

*Hill v. Equitable Trust Co.*, 851 F.2d 691, 696 (3d Cir.1988), *cert. denied sub nom Data Controls North, Inc. v. Equitable Bank Nat'l Assoc.*, —— U.S. ——, 109 S.Ct. 791, 102 L.Ed.2d 782 (1989); *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355–56.

The first factor to consider is whether *Patterson* establishes a new principle of law. In this regard it is necessary to examine whether the case overrules clear past precedent. While on its face *Patterson* does not purport to overrule precedent, courts heretofore had recognized a cause of action under § 1981 for racial discrimination in terms of employment:

> It is now settled that an employee may sue an employer under section 1981 for intentional discrimination in the terms and conditions of employment.... Section 1981 was not originally promulgated to regulate the workplace; however, it is now routinely invoked to circumscribe an employer's right to alter the terms and conditions of employment on the basis of an employee's race or national origin.

*Musikiwamba v. Essi, Inc.*, 760 F.2d 740, 748 (7th Cir.1985). *See also Alston v. Allegheny Ludlum Steel Corp.*, 449 F.Supp. 553, 556 (W.D.Pa.1978) ("Section 1981 has been recognized in [the Third] Circuit as creating a cause of action for alleged employment discrimination"). This "settled" law, while not explicitly overruled, is certainly inconsistent with the Supreme Court's holding in *Patterson*. Thus, the first factor of *Chevron* tilts in favor of limiting *Patterson* to prospective application.

penalties, taxes, licenses, and exactions of every kind, and to no other.

Plaintiff also argues that the second element of *Chevron,* "whether retrospective operation will further or retard the rule's operation," similarly inures in favor of prospective application. This court concludes otherwise. In *Patterson,* the Supreme Court was reluctant to read § 1981 "broadly where the result is to circumvent the detailed remedial scheme" of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 109 S.Ct. at 2375. The Court concluded that Title VII, and not § 1981, is the proper remedy for persons alleging that they have been discriminated against in the conditions of their employment. The remedies and procedures of Title VII reflect a congressional choice which balances the concerns of both employees and employers. This court must protect that balance and use caution in not "twist[ing] the interpretation of [ § 1981] to cover" conduct forbidden by Title VII. *See Patterson,* 109 S.Ct. at 2375. Accordingly, the policies embodied in § 1981 and Title VII, and the schemes by which remedies may be achieved under those statutes, are best served by application of the decision in *Patterson. See Brackshaw v. Miles, Inc.,* 723 F.Supp. 60 (N.D.Ill.1989).

Finally, plaintiff argues that applying *Patterson* retroactively would be inequitable. Plaintiff admits, however, that any "injustice" may be litigated pursuant to Title VII, assuming the procedural aspects of Title VII have been followed. Here, the plaintiff has complied with those procedures. Retroactive application of *Patterson* would not yield an inequitable result, as the plaintiff still may pursue his Title VII remedy. Indeed, there is less hardship here than in *Patterson* itself, where the plaintiff brought her action only under § 1981.

Most courts, while not specifically addressing the issue, have concluded that *Patterson* should be applied retroactively. *Morgan v. Kansas City Area Transportation Authority,* 720 F.Supp. 758 (W.D.Mo. 1989) (citing cases). *Compare Gillespie v. First Interstate Bank of Wisconsin,* 717 F.Supp. 649 (E.D. Wis.1989) (applying *Patterson* prospectively where case was tried and jury verdict delivered, but judgment yet to be entered). *But see Williams v. National RailRoad Passenger Corp.,* 716 F.Supp. 49 (D.D.C.1989) (declining to follow *Gillespie* where case had not gone to trial). The matter before the court has yet to reach its trial date. If the court were not to apply *Patterson* retroactively solely because the plaintiff relied upon precedent when filing suit, the general rule that cases be applied retroactively would become the exception.

In sum, the court finds that the plaintiff has not satisfied the requirements of non-retroactivity under *Chevron.* Accordingly, the Supreme Court's decision in *Patterson* will be given retroactive application, and defendant's motion for summary judgment as to plaintiff's § 1981 claims will be granted. No costs.