Abraham WELDON

v.

KRAFT, INC.

Civ. A. No. CA 88–3951.

United States District Court,
E.D. Pennsylvania.

May 25, 1990.

Richard J. Orloski, Allentown, Pa., for plaintiff.

William F. Kershner, Berwyn, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Pending before this court is defendant's motion for partial summary judgment. Defendant contends that plaintiff's claim under 42 U.S.C. § 1981 ("section 1981") is barred by the Supreme Court decision in *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). For the reasons set forth below, I shall grant defendant's motion.

### I.  STANDARD OF REVIEW

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Small v. Seldows Stationery,* 617 F.2d 992, 994 (3d Cir.1980). Defendant's motion for partial summary judgment and plaintiff's response present this court with purely legal issues, which are ripe for disposition by way of summary judgment.

### II.  DISCUSSION

Defendant contends that plaintiff's claim of racially discriminatory discharge is no longer cognizable under section 1981 in light of *Patterson v. McLean Credit Union.*

In response,[1] plaintiff does *not* dispute defendant's contention that *Patterson* bars plaintiff's claim under section 1981. Instead, plaintiff maintains that *Patterson* is not applicable to the present action because (1) *Patterson* should only be applied prospectively and (2) even if *Patterson* should be applied retroactively, defendant waived the right to argue *Patterson* by not raising

---

1. In plaintiff's response, he mischaracterizes the purpose of defendant's motion for partial summary judgment. Plaintiff characterizes defendant's motion as one challenging plaintiff's right to a jury trial. Contrary to plaintiff's characterization, defendant never once mentions plaintiff's right to a jury trial in its motion. Clearly, the purpose of defendant's motion is to obtain summary judgment as to plaintiff's claim under section 1981. However, it is true that, as a result of granting defendant's motion, plaintiff may lose his right to a jury trial because his only remaining claim is under Title VII.

it in its first motion for summary judgment[2] and not raising it on appeal to the Third Circuit 896 F.2d 793.[3]

Both plaintiff's contentions are without merit.

With respect to plaintiff's first argument, the normal presumption is that every decision should be applied retroactively. *Solem v. Stumes*, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984); *Al–Khazraji v. Saint Francis College*, 784 F.2d 505, 510 (3d Cir.1986). Moreover, it is incumbent upon plaintiff to establish that retroactive application of *Patterson* is inappropriate according to the factors delineated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). In making his conclusory statement that *Patterson* should be applied only prospectively and offering no cases to support that contention, plaintiff has clearly failed to carry his burden.

Furthermore, the vast majority of cases faced with the decision of whether to apply *Patterson* retroactively have either implicitly or explicitly determined that *Patterson* should, in fact, be applied retroactively.[4] *See, e.g., Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845 (9th Cir.1990) (retroactive application of *Patterson* approved because consistent with factors delineated in *Chevron*); *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805, 806–07 (5th Cir.1990) (retroactive application of *Patterson* appropriate where Chevron factors weigh in favor of retroactivity); *Bush v. Commonwealth Edison Co.*, 732 F.Supp. 895, 899–901 (N.D.Ill.1990) (presumption in favor of retroactivity not rebutted by plaintiff where balancing of three *Chevron* factors show that plaintiff had recourse under Title VII); *Thompson v. Johnson & Johnson Management Information Center*, 725 F.Supp. 826, 826–28 (D.N.J.1989) (retroactive application of *Patterson* would further the operation of section 1981 and would not be inequitable to plaintiff in light of the fact that plaintiff could still pursue Title VII remedy); *Hall v. County of Cook*, 719 F.Supp. 721, 724–25 (N.D.Ill. 1989) (retroactive application of *Patterson* approved); *Williams v. National Railroad Passenger Corp.*, 716 F.Supp. 49, 50 n. 1 (D.D.C.1989) (no special equitable reasons existed to depart warrant departing from the general rule in favor of applying new judicial decisions to pending cases). In the present case, retroactive application of *Patterson* will not leave plaintiff without a remedy because he has a claim under Title VII.

With respect to plaintiff's second argument, it is clear that defendant has not waived its right to argue the applicability of *Patterson* to the present action. The United States Supreme Court did not render its decision in *Patterson* until June 15, 1990—which is one and a half months *after* this court filed its Memorandum and Order granting defendant's motion for summary judgment. In addition, it would not have been proper for defendant to raise the *Patterson* issue on appeal to the Third Circuit because it was not an issue which was

**2.** This court's Memorandum and Order granting defendant's first motion for summary judgment was filed on May 1, 1989—one and a half months before *Patterson* was decided on June 15, 1989.

**3.** Plaintiff appealed from this court's Memorandum and Order filed May 1, 1989 granting defendant's motion for summary judgment and entering judgment in favor of defendant and against plaintiff.

**4.** This court has found only one case in which retroactive application of *Patterson* was denied—*Gillespie v. First Interstate Bank of Wisconsin Southeast*, 717 F.Supp. 649 (E.D.Wis. 1989). However, *Gillespie* is not binding precedent on this court and readily distinguishable in any event.

In *Gillespie*, plaintiff's claims under section 1981 had already been tried to a jury, the jury had rendered a verdict in favor of plaintiff, and the parties were awaiting decisions on post-trial motions when the opinion in *Patterson* was handed down. Under these circumstances, clearly not present in this action, and pursuant to the test for retroactivity set forth in *Chevron*, the court deemed retroactive application of *Patterson* inappropriate. *Id.* at 651 n. 2. *But see Williams v. National Railroad Passenger Corp.*, 716 F.Supp. 49, 50 n. 1 (D.D.C.1989) (declining to follow *Gillespie* because case had not yet gone to trial).

decided by the district court. "It is a general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

As plaintiff has implicitly acknowledged, there is no question that *Patterson* appreciably narrows a plaintiff's right to proceed under section 1981. *See, e.g., Matthews v. Freedman,* 882 F.2d 83, 85 (3d Cir.1989). In *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the United States Supreme Court directly addressed the scope of section 1981 in the context of conduct occurring after the formation of an employment contract. The plaintiff in *Patterson,* a black woman, brought an action against her employer alleging that her employer had violated section 1981 by harassing her, failing to promote her, and ultimately discharging her because of race. The Court held that the conduct of the employer, regardless of whether it was racially motivated, was post formation conduct and, therefore, did *not* fall within the scope of section 1981. The Court stated:

> This type of conduct [racial harassment] reprehensible though it be if true, is not actionable under § 1981, which covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process. Rather, such conduct is actionable under the more expansive reach of Title VII of the Civil Rights Act of 1964. The latter statute makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e–2(a)(1).

*Id.* at 2374.

### III. CONCLUSION

Plaintiff's claim for racially motivated discharge under section 1981 is no longer cognizable in light of *Patterson,* which substantially narrowed the scope of section 1981. In addition, plaintiff has *not* met his burden of proving to this court that *Patterson* should be applied prospectively and,

thus, not to this case. Applying *Patterson* to this case will *not* pose a hardship on plaintiff because he has a claim under Title VII. Consequently, defendant's motion for partial summary judgment as to plaintiff's claim under section 1981 is granted.