**Daphne BUTLER**

v.

**ELWYN INSTITUTE.**

**Civ. A. No. 91–1335.**

United States District Court,
E.D. Pennsylvania.

May 29, 1991.

---

Lanier E. Williams, Philadelphia, Pa., for plaintiff.

Francis A. Scanlan, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, Senior District Judge.

Defendant, Elwyn Institute (Elwyn) has filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. For the reasons stated herein, I will grant the motion in part and deny the motion in part.

## I. FACTUAL ALLEGATIONS

According to the complaint, plaintiff, Daphne Butler, commenced employment with Elwyn on July 27, 1988. Complaint at ¶ 8. Sometime in December of 1989, Elwyn terminated her employment. It is the circumstances of that termination that are the subject of this lawsuit. On or about November 16, 1989, Butler requested a thirty day leave of absence for personal reasons. Elwyn denied her request. *Id.* at 13. Butler alleges that "due to reasons beyond her control" she was absent from work during the period of time for which she had requested leave. *Id.* at ¶ 14. As a result, Elwyn terminated her employment. *Id.* at ¶ 15. Butler contends that Elwyn denied her request for a leave of absence because of her race (black). Elwyn responds that it denied her request because the reason for her absence was in order to serve a period of incarceration, a reason for which it does not grant leaves of absence.

On March 1, 1991, Butler filed her complaint, purporting to set forth causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and under the Pennsylvania Human Relations Act, 43 Pa. Stat.Ann. § 951 *et seq.* Elwyn has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment.

## II. DISCUSSION

### A. Governing Standards

A case should be dismissed under Rule 12(b)(6) only if it is clear as a matter of law "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). In ruling on a motion to dismiss, the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 506 (3d Cir.1985) (quoting *Helstoski v. Goldstein,* 552 F.2d 564, 565 (3d Cir.1977)).

Entry of summary judgment is required where "there is no genuine issue as to any material fact and [the] moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The threshold inquiry is whether there is the need for a trial—whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A dispute concerning a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. In ruling on a motion for summary judgment, the court must consider the evidence in the light most favorable to the nonmoving party. *J.F. Feeser, Inc. v. Serv–A–Portion,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).

### B. Title VII Claim

██ Under Title VII, it is an unlawful employment practice to discriminate against any individual with respect to hiring or the terms or conditions of employ-

ment "because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a); *Wards Cove Packing Co., Inc. v. Antonio,* 490 U.S. 642, 645, 109 S.Ct. 2115, 2118, 104 L.Ed.2d 733 (1989). A claim of employment discrimination under Title VII may be pursued through either a disparate treatment theory, or a disparate impact theory. *E.E.O.C. v. Metal Service Co.,* 892 F.2d 341, 346 (3d Cir.1990).

■ A plaintiff pursuing a disparate treatment claim "must demonstrate purposeful discrimination." *Weldon v. Kraft, Inc.,* 896 F.2d 793, 796 (3d Cir.1990). Such intent may be shown either through direct evidence or through the framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The Third Circuit Court of Appeals has summarized this approach as follows:

> Under this framework the plaintiff has the initial burden of proving a *prima facie* case by a preponderance of the evidence, which if successful raises the inference of unlawful discrimination. *Burdine,* 450 U.S. at 250–52 [101 S.Ct. at 1092–93]. This burden is not onerous. The plaintiff must show that he is a member of a racial minority, qualified for the job from which he was discharged, and that others not in the protected class were treated more favorably.

*Weldon* at 797. Once a *prima facie* case is established, the burden of production shifts to the defendant to provide a legitimate non-discriminatory reason for the discharge. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094; *Weldon,* 896 F.2d at 797. If the defendant does so, the inference of discrimination is "dispelled" and the plaintiff must prove by a preponderance of the evidence that the defendant's proffered reasons are a pretext for discrimination. *Burdine,* 450 U.S. at 253, 255, 101 S.Ct. at 1093, 1094; *Weldon,* 896 F.2d at 797.

■ Butler has clearly stated a disparate treatment claim under Title VII. She has alleged the elements of a *prima facie* disparate treatment claim: 1) she is a member of a protected class—she is a black female citizen of the United States; 2) she was qualified for her job from which she was discharged; and 3) others who were not in the protected class were treated more favorably. She asserts that white employees were granted leaves of absence for personal reasons while she was denied a leave of absence for personal reasons. She has also alleged that she has met the administrative and statutory prerequisites to bringing a Title VII action. Accepting her allegations as true, as I must for purposes of a motion to dismiss, I find that Butler's assertions regarding disparate treatment adequately state a Title VII claim. *See Smith v. Private Industry Council,* 622 F.Supp. 160, 166 (E.D.Pa.1985).

■ Entry of summary judgment on Butler's Title VII claim would also be inappropriate at this time. In a discrimination case, the issue is whether sufficient evidence exists "to create a genuine issue as to whether the employer intentionally discriminated." *Weldon,* 896 F.2d at 797. A plaintiff need not carry her burden of demonstrating that the employers asserted reasons for discharge are a pretext at this stage. Entry of summary judgment is only proper if the defendant can show that "the plaintiff will be unable to introduce either direct evidence of a purpose to discriminate or indirect evidence by showing that the proffered reason is subject to factual dispute." *Hankins v. Temple University,* 829 F.2d 437, 440–41 (3d Cir.1987).

Elwyn contends that it did not discharge Butler for discriminatory reasons, but rather because she was absent without leave for more than three consecutive days and thus subject to termination under its absentee policy.[1] *See* Exhibit I to defendant's motion (Elwyn's employee handbook). It further contends that Butler's request for a leave of absence was not denied for discriminatory reasons, but rather because she was to be incarcerated and its policy does not allow for leave under such circum-

---

1. Elwyn does not appear to be contesting the elements of Butler's prima facie case.

stances. Elwyn has submitted the affidavits of its Executive Director and Vice President of Residential Operations in support of its contentions. *See* Exhibits A and B to defendant's motion. However, Elwyn's submissions do not entitle it to a grant of summary judgment.

Elwyn's employee handbook provides that leaves of absence may be granted for educational purposes and for special circumstances on an individual basis. Employee Handbook at 15. Marian Baldini, Executive Director of Elwyn, avers that she informed Butler that Elwyn does not provide leaves of absence to serve periods of incarceration. Baldini Affidavit at ¶ 8. Edward M. Hartman, Elwyn's Vice President of Residential Operations, has stated by way of affidavit that Elwyn has never granted an employee a leave of absence in order to serve a period of incarceration. Hartman Affidavit at ¶ 8.

 Elwyn seems to misapprehend the nature of summary judgment. The explanations it has offered may well be the true reasons for Butler's termination, but they are factual questions subject to dispute. Moreover, Elwyn's submissions do not amount to a showing that Butler will be unable to introduce evidence demonstrating that Elwyn's proffered reasons for denying her request for a leave of absence and her subsequent discharge are pretexts for discrimination. There is nothing in the evidence submitted by Elwyn explaining why a period of incarceration is not a special circumstance within the meaning of its leave of absence policy. Although Elwyn asserts that it has never granted a leave of absence for a period of incarceration, it does not indicate whether any individual, black or otherwise, has ever requested a leave of absence for such purposes. Finally, and most significantly, Butler has not yet had the opportunity to pursue discovery which may enable her to refute Elwyn's assertions. A grant of summary

judgment would therefore be inappropriate at this time.[2]

 Butler has also stated a claim under the disparate impact analysis. Under a disparate impact theory, the plaintiff can establish a violation by demonstrating than an employer has used a specific employment practice which is neutral on its face, but which causes an adverse impact on a protected group, and which does not serve a legitimate business goal of the employer. *See Wards Cove Packing Co., Inc. v. Antonio,* 490 U.S. at 659–661, 109 S.Ct. at 2125–2127; *E.E.O.C. v. Metal Service Co.,* 892 F.2d 341, 346 (3d Cir.1990).

 Butler argues that Elwyn's policy of refusing to grant leaves of absence for periods of incarceration has an adverse impact on black citizens, because black citizens are incarcerated at a higher percentage than white citizens. She has identified the specific employment practice—the refusal to grant leaves for incarceration, and its adverse impact on the employment opportunities of blacks. This is sufficient to state a disparate impact claim under Title VII.

Although Butler has stated a claim, she has not established a prima facie case by a preponderance of the evidence for purposes of Elwyn's motion for summary judgment. However, as noted above, an entry of summary judgment would not be appropriate at this time, as Butler has not yet had the opportunity to establish evidentiary support for her claim through discovery. *See Wards Cove Packing Co., Inc.,* 490 U.S. at 657, 109 S.Ct. at 2125. ("liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims"). Elwyn may renew its motion following discovery.

### C. Section 1981 Claims

Butler alleges that her discharge by Elwyn was racially motivated and therefore violates 42 U.S.C. § 1981, which prohibits discrimination in the making or en-

---

**2.** I find it unlikely that Elwyn will be able to establish grounds for summary judgment even after Butler has engaged in discovery, as the uncorroborated deposition testimony of a plaintiff may be sufficient to create a genuine issue of material fact on the question of discriminatory intent. *Weldon,* 896 F.2d at 800.

forcing of contracts. Elwyn responds that its act of discharging plaintiff did not affect the making or enforcing of contracts, but rather is a post-formation action which is not actionable under section 1981 following the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

Section 1981 protects, *inter alia*, the right of "all persons within the jurisdiction of the United States" to "make and enforce contracts." 42 U.S.C. § 1981. In *Patterson*, the Supreme Court explained the meaning of the phrase "to make ... contracts." The Court stated:

> The first of these protections extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract as well as the offer to make a contract only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such post-formation conduct does not involve the right to make a contract, but rather implicates the performance of established contract conditions and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII.

*Id.* at 176–177, 109 S.Ct. at 2372–73. The Supreme Court's discussion of section 1981 in *Patterson*, while extensive, did not directly address the issue of employment discharge because *Patterson* concerned asserted racial harassment, and a failure to promote the plaintiff which was allegedly racially motivated.

Supreme Court decisions after *Patterson* do not clarify whether section 1981 applies to actions for racially motivated terminations of employment. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 110 S.Ct. 1331, 1336 n. 6, 108 L.Ed.2d 504 (1990) (remanding case to Fourth Circuit to con-

sider impact of *Patterson* on Lytle's section 1981 claims with benefit of full record because certiorari was not granted on that question); *id.*, 110 S.Ct. at 1338–9 (O'Connor, J., concurring) (acknowledging that "the question whether petitioner has stated a valid claim under section 1981 remains open."); *Jett v. Dallas Independent School District*, 491 U.S. 701, 710–711, 109 S.Ct. 2702, 2709–10, 105 L.Ed.2d 598 (1989) (Court assumed without deciding that petitioner's rights under section 1981 were violated by his removal and reassignment).

The Third Circuit has adopted the reasoning of *Patterson*, *see Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir.1989); *Matthews v. Freedman*, 882 F.2d 83, 85 (3d Cir.1989), but has not yet decided if a claim of discriminatory discharge is cognizable under section 1981. *See Perry v. Command Performance*, 913 F.2d 99, 101 n. 3 (3d Cir.1990); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 796 n. 3 (3d Cir.1990); *Williams*, 883 F.2d at 1191.

The clear majority of opinions in the district courts encompassed by the Third Circuit hold that, after *Patterson*, allegations of racially motivated terminations do not state a cause of action under section 1981. *See Thomas v. Amtrak Railroad*, 1991 WL 22059, *1 (E.D.Pa. Feb. 15, 1991); *Kidd v. Lukens, Inc.*, 1991 WL 12161, *1 (E.D.Pa. Jan. 31, 1991); *Smith v. Continental Insurance Corp.*, 747 F.Supp. 275, 280 (D.N.J.1990); *Knight v. Albert Einstein Medical Center*, 748 F.Supp. 280, 282 (E.D.Pa.1990); *Weldon v. Kraft, Inc.*, 739 F.Supp. 972, 974 (E.D.Pa.), *aff'd in part, rev'd in part*, 896 F.2d 793 (3d Cir.1990) (Court of Appeals declined to decide section 1981 issue); *Ceesay v. Miller, Mason & Dickenson*, 1990 WL 121218, *2–3 (E.D.Pa. Aug. 15, 1990); *Williams v. General Motor Acceptance, Corp.*, 1990 WL 79405, *1 (E.D.Pa. June 8, 1990); *Hayes v. Community General Osteopathic Hospital*, 730 F.Supp. 1333, 1335 (M.D.Pa.1990); *Cook v. Marriott Corp.*, 51 Fair Empl.Prac.Cas. (BNA) 922, 5 Indiv.Emp.Rts.Cases (BNA) 796, 1989 WL 149986, *1–2 (D.N.J. Dec. 8, 1989); *James v. Dropsie College*, 52 Fair Empl.Prac.Cases (BNA) 1024, 1989 WL

143171, *2 (E.D.Pa. Nov. 22, 1989), *aff'd without opinion*, 914 F.2d 243 (3d Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1392, 113 L.Ed.2d 448 (1991); *Thompson v. Johnson & Johnson Management Information Center*, 725 F.Supp. 826, 827 (D.N. J.1989); *Owens v. Foot Locker*, 52 Fair Empl.Prac.Cases (BNA) 968, 1989 WL 138839, *1 (Nov. 15, 1989); *Eklof v. Bramalea, Ltd.*, 733 F.Supp. 935, 936 (E.D.Pa. 1989); *Hannah v. Philadelphia Coca–Cola Bottling Co.*, 53 Fair Empl.Prac.Cases (BNA) 9, 1989 WL 71565, *2 (E.D.Pa. June 23, 1989) (stating that "it appears doubtful plaintiff will be able to state a § 1981 claim in the wake of *Patterson.*"). *But see E.E.O.C. v. DPCE, Inc.*, 1990 WL 54995, *1 (E.D.Pa. April 25, 1990) (stating "as a matter of law, it may yet be possible to pursue a discriminatory discharge claim under section 1981.")

Although the Third Circuit has not yet ruled on the issue, other Circuit Courts have considered whether a claim for racially motivated termination of employment is cognizable under 42 U.S.C. § 1981 after *Patterson*. While the decisions are not unanimous, the clear majority hold that such a claim is no longer valid. *See Gonzalez v. Home Insurance Co.*, 909 F.2d 716, 722 (2d Cir.1990); *McKnight v. General Motors Corp.*, 908 F.2d 104, 108–9 (7th Cir.1990) (resolving the issue left open in *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.1989), a case cited by Butler); *Courtney v. Canyon Television & Appliance Rental*, 899 F.2d 845, 849 (9th Cir. 1990); *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805, 807–8 (5th Cir.1990); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1534–5 (11th Cir. 1990);[3] *Overby v. Chevron USA, Inc.*, 884 F.2d 470, 472–3 (9th Cir.1989) (containing thorough analysis of reasons why *Patterson* mandates that termination claims are not cognizable under 42 U.S.C. § 1981). *But see Hicks v. Brown Group, Inc.*, 902 F.2d 630, 635–8 (8th Cir.1990) (extensive

reasoning explaining why *Patterson* permits discharge claims under section 1981); *Jackson v. City of Albuquerque*, 890 F.2d 225, 236 n. 15 (10th Cir.1989) (court stated in footnote that *Patterson* did "not affect either the analysis or the outcome of this case.")

The logic of the weight of present case law that permits a section 1981 claim for racially motivated refusal to hire while denying a section 1981 claim for a racially motivated termination of employment is, to me, somewhat bizarre. It must be remembered that the decisions are based on interpretations of the statutory language that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C. § 1981. Refusals to hire relate to the making of contracts of employment. Although racially motivated terminations of employment would appear to involve rights concerning the enforcement of contracts, under *Patterson:*

> [t]he right to enforce contracts does not, however, extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights.

*Patterson*, 491 U.S. at 177–178, 109 S.Ct. at 2371–72.

Despite the uncertainties, I shall follow the weight of authority in concluding that a cause of action for racially motivated termination of employment is not cognizable under 42 U.S.C. § 1981. Under the circumstances of this case, my holding will have little practical effect because plaintiff may still pursue her discriminatory discharge claims under Title VII.[4]

### D. Pennsylvania Human Relations Act

Count III of Butler's complaint purports to set forth a cause of action under the Pennsylvania Human Relations Act (PHRA). In order to establish a *prima facie* case under the PHRA, the plain-

---

**3.** *Vance v. Southern Bell Telephone and Telegraph Co.*, 863 F.2d 1503, 1509 n. 3 (11th Cir.1989), a case cited by Butler, is not applicable because it concerns post-formation harassment, not termination.

**4.** Under 42 U.S.C. § 1981, plaintiff would have a right to a trial by jury.

tiff must demonstrate that she is a member of a protected class, that she has suffered adverse employment action, and that others not in the class have been treated differently. *Burns International Security Services, Inc. v. Pennsylvania Human Relations Commission,* 119 Pa.Cmwlth. 418, 423, 547 A.2d 818, 820 (1988). The establishment of a prima facie case creates a rebuttable presumption that the employer has discriminated against the complainant. *Id.,* 547 A.2d at 821. The employer can dispel the presumption by offering a non-discriminatory explanation for the employment action, and the trier of fact must then evaluate all the evidence under a preponderance of the evidence standard. *Id.* Essentially the same elements of proof are required under the PHRA as under Title VII.

As was the case with her Title VII claim, Butler has clearly alleged sufficient facts to state a claim under the PHRA. She has alleged that she is a member of a protected class, that she was denied a leave of absence which resulted in her subsequent termination, and that others, not in the protected class were granted leaves of absence for personal reasons. Count III will therefore not be dismissed at this time. Again, Elwyn is free to renew its motion for summary judgment after an appropriate discovery period.

### E. Issue Preclusion

In addition to arguing that Butler has failed to state a valid claim, Elwyn also contends that Butler is precluded from relitigating the cause of her termination, as this issue was already determined in a proceeding before the Pennsylvania Unemployment Compensation Board of Review (PUCBR). I do not agree.

Following the termination of her employment, Butler applied for unemployment compensation. The Pennsylvania Department of Labor and Industry Employment Security Office concluded that she "left this employment without cause of a necessitous and compelling nature because her leave of absence was denied and she was considered a quit at that time when she took it," and consequently denied her application. Exhibit N to defendant's motion (Commonwealth of Pennsylvania Department of Labor and Industry Employment Security Notice of Determination).

Butler appealed this decision to the PUCBR. Following a hearing, the PUCBR affirmed the decision of the Employment Security Office, finding that Butler was ineligible for unemployment benefits, because she voluntarily terminated her employment by failing to return to work after her request for a leave of absence was denied. Under section 402(b) the Pennsylvania Unemployment Compensation Law, 43 Pa.Stat.Ann. § 802(b), a claimant is ineligible for compensation for any week in which his or her unemployment is due "to voluntarily leaving work without cause of a necessitous and compelling nature." The PUCBR determined that the reason for Butler's absence, her incarceration, was not compelling within the meaning of the statute. Exhibit O to defendant's motion (Pennsylvania Unemployment Compensation Board of Review Referee's Decision).

The doctrine of issue preclusion bars relitigation of an issue identical to one adjudicated in a prior proceeding. *Bradley v. Pittsburgh Board of Education,* 913 F.2d 1064 (3d Cir.1990). The Supreme Court has held that "when a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate' ... federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the state courts." *University of Tennessee v. Elliot,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986) (quoting *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)).

Under Pennsylvania law, litigation of an issue will be precluded if:

1) the issue decided in the prior adjudication was identical with the one presented in the later action; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and 4) the party against whom the plea is asserted had a

full and fair opportunity to litigate the issue question in a prior action. *Greene v. Bowen*, 702 F.Supp. 1180, 1182 (E.D.Pa.1988) (citing *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). I conclude that the decision of the PUCBR is not preclusive in this case because the issues involved are not identical.

█ The issue before the PUCBR was limited to whether Butler was properly denied unemployment benefits under 43 Pa. Stat.Ann. § 802(b). The PUCBR found that it has not been Elwyn's policy to grant leaves of absence for periods of incarceration and held that the reason for Butler's absence was not "compelling" within the meaning of the statute. The Board did not address the issue of whether Elwyn's stated reason for denying Butler's request for a leave of absence was a pretext for unlawful employment discrimination or whether Elwyn's policy has a disparate impact on a protected group. Butler will not therefore be precluded from raising those issues in this action. *See Greene v. Bowen*, 702 F.Supp. at 1183 (decision of PUCBR not preclusive in action before Federal Merit System Protection Board where issue before Merit System Protection Board was broader than that before the PUCBR).

## III. CONCLUSION

In summary, because I find that Butler has stated a claim under Title VII and the PHRA, I will deny Elwyn's motion to dismiss as to Counts I and III of the complaint. Moreover, because Butler has not yet had an adequate opportunity to engage in discovery, I will deny Elwyn's motion for summary judgment as to Counts I and III without prejudice to renew such motion after the close of discovery. Finally, because I find that claims for discriminatory discharge are not cognizable under 42 U.S.C. § 1981 in the wake of the Supreme Court's decision in *Patterson v. McLean Credit Union*, I will grant Elwyn's motion to dismiss Count II of the complaint.